**THE HONORABLE SALVADOR MENDOZA, JR**.

PAUKERT AND TROPPMANN, PLLC
Breean L. Beggs, WSBA #20795
Andrew S. Biviano, WSBA 38086
Mary Elizabeth Dillon, WSBA #50727
522 W. Riverside Ave., Ste. 560
Spokane, WA 99201
(509) 232-7760

NAPOLI SHKOLNIK, PLLC
Paul J. Napoli, Esq.
Patrick Lanciotti, Esq.
Tate J. Kunkle, Esq.
Aaron Modiano, Esq.
360 Lexington Avenue, 11th Floor
New York, New York 10017
Tel: (212) 397-1000

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTINA ACKERMAN; SUSAN BAKOS; PHYLLIS BERGMAN; CHARLES BLAKE; SUSIE BUSH; GLENN CALLENDER; JACQUELINE CALLENDER; JUSTIN CALLENDER; JERRI CARVER; BARBARA COLLINS; BRUCE CORBETT; CHRISTY CORBETT; CHARLES DAVIS; TERESA DAVIS; JULIE DIBBLE; CHAD EVANS; KRISTIN EVANS; JOHN EYRE; VINCENT FIATTARONE; CHERYL FRENCH; STEVEN FRENCH; ASHLEY GENZEL; COURTNIE GILLETTE, Individually and as Next Friend for her minor child, P.G.; MICAH GILLETTE, Individually and as Next Friend for his minor | Case No.: 2:18-cv-00117-SMJ  SECOND AMENDED CLASS ACTION COMPLAINT WITH INDIVIDUAL CLAIMS AND DEMAND FOR JURY TRIAL  CLASS ACTION CERTIFICATION PENDING |

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 1

child, P.G.; HELENE HATCH; BRITTANY
HENSLEY, Individually and as Next Friend for
her minor child, L.H.; JORDAN HENSLEY,
Individually and as Next Friend for his minor
child, L.H.; BILL HIGGINS; JAKEN HUECHE;
DENNIS HUNLEY; HEATHER HUNLEY,
Individually and as Next Friend for her minor
children, P.H. and T.H.; JOANNE HUNLEY;
SHAWN HUNLEY; ANITA JARUIS;
JENNIFER JOHNSON, Individually and as Next
Friend for her minor children, L.J. and Q. J.;
SEAN JOHNSON, Individually and as Next
Friend for his minor children, L.J. and Q.J.;
DIANA KNEFF; STEVEN KANAGA,
Individually and in his capacity as Executor of the
ESTATE OF MILLWEE HOLLER-KANAGA;
RICHARD LINK, Individually and as Next
Friend for his minor child, G.L.; TERRI LINK;
JOSEPH MARTINEZ; JOHN MITSCHKE;
YANG MITSCHKE; DONNA O'BRIEN;
JEREMY OWNBY; CORY PASSINETTI;
EMMA PASSINETTI, Individually and as Next
Friend for her minor child, A.P.; JANAE
PASSINETTI, Individually and as Next Friend
for her minor children, E.P., J.P., K.P., M.P., and
T.P.; JASON PASSINETTI; DONNA
PETERSON; DELBERT REIBER; Individually
and as Next Friend for his minor children, A.R.
and C.R.; MARSHALL REIBER; SARRA
REIBER; GARRET RUPERT, Individually and
as Next Friend for his minor children, C.R., K.R.,
and K.R.; HEATHER RUPERT, Individually and
as Next Friend for her minor children, C.R., K.R.,
and K.R.; LEWIS SCHWINN; BRADLY
SHRUM; CORY SHRUM; JAN SHARDELL
SHRUM; JULIE SHRUM, Individually and as
Next Friend for her minor child, W.S.; JALEY
SIMMONS, Individually and as Next Friend for

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 2

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

her minor children, K.T. and K.T.; CHRIS
TAYLOR, Individually and as Next Friend for his
minor children, K.T. and K.T.; PAMELA
WILLIAMS; ANTHONY ABEL; SAMANTHA
BARCUS; MICHAEL BUYONAVICH; JACKIE
COLBURN; JOEL ERWIN; JENNIFER
FOLAND; EARL FORSMAN, Individually and
in his capacity as Trustee for the EARL N. AND
JANET L. FORSMAN TRUST; JANET
FORSMAN, Individually and in her capacity as
Trustee for the EARL N. AND JANET L.
FORSMAN TRUST; ANTHONY GALLEGOS;
HELEN GALLEGOS; DEBRA GEHRET;
ROBIN GIPSON; AMY HAVENS, Individually
and as Next Friend for her minor child, J.H.;
DONNA JOHNSON; DOUGLAS JOHNSON;
MICHAEL JOHNSON; KEIRSTIN JONES;
TINA JONES; KENNETH KELLER; JILL
LINK; CHRIS MCCULLOCH; SHARON
MCCULLOCH; TODD MCINNIS; HEATHER
PETRO; MATTHEW PETRO; LUANN
STEPHENSON; WILLIAM
STEPHENSON;WILLIAM URDRIAN; and
FRANCELINA WALKER; individually and on
behalf of all others similarly situated,

                          Plaintiffs,

    vs.

3M COMPANY, f/k/a Minnesota Mining and
Manufacturing, Co.; TYCO FIRE PRODUCTS
L.P., successor in interest to THE ANSUL
COMPANY; BUCKEYE FIRE EQUIPMENT
COMPANY; CHEMGUARD, INC.; and
NATIONAL FOAM, INC.,

                          Defendants.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 3

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

PLEASE NOTE THAT THE PURPOSE OF THIS AMENDED COMPLAINT is to do the following:

1)  Correct the spelling of the name of Plaintiff Jaken Hoeche to Jaken Hueche; Remove as plaintiffs H.H. and L.H., who are the minor children of Jaken Hueche.

2)  Remove Plaintiffs Amy McDonald, Amber Passinetti, Steven Passinetti, Karlie Rose, and Jarrett Rupert.

3) Remove minor children as plaintiffs, replace minor children's full names with their initials, and add the designation, "Individually, and in his/her capacity as Next Friend for his/her minor child(ren), to the following plaintiffs: Courtnie Gillette for minor child, P.G.; Micah Gillette for minor child, P.G.; Brittany Hensley for minor child, L.H.; Jordan Hensley for minor child, L.H.; Heather Hunley for minor children, P.H. and T.H.; Jennifer Johnson for minor children, L.J. and Q.J.; Sean Johnson for minor children, L.J. and Q.J.; Richard Link for minor child, G.L.; Emma Passinetti for minor child, A.P.; Janae Passinetti for minor children, E.P., J.P., K.P., M.P., and T.P.; Delbert Reiber for minor children, A.R. and C.R.; Garret Rupert for minor children, C.R., K.R. and K.R.; Heather Rupert for minor children, C.R., K.R. and K.R.; Julie Shrum for minor child, W.S.; Jaley Simmons for minor children, K.T. and K.T.; and Chris Taylor for minor children, K.T. and K.T.

4) Add Plaintiffs Anthony Abel; Samantha Barcus; Michael Buyonavich; Jackie Colburn; Joel Erwin; Jennifer Foland; Earl Forsman, Individually and in his capacity as Trustee for the Earl N. and Janet L. Forsman Trust; Janet Forsman, Individually and in her capacity as Trustee for the Earl N. and Janet L. Forsman Trust; Anthony Gallegos; Helen Gallegos; Debra Gehret; Robin Gipson; Amy Havens, Individually and as Next Friend of her minor child, J.H.; Donna Johnson; Douglas Johnson; Michael Johnson; Keirstin Jones; Tina Jones; Kenneth Keller; Jill Link; Chris McCulloch; Sharon McCulloch; Todd McInnis; Heather Petro; Matthew Petro; Luann Stephenson; William Stephenson; William Urdrian; and Francelina Walker.

5) Correct Plaintiff Anita Jaruis' name in the body of the Complaint from Anita Jarius to Anita Jaruis. Correct the spelling of Plaintiff's name, Shaun Hunley, to Shawn Hunley.

6) Remove Plaintiff Millwee Holler-Kanaga, now deceased, and substitute with Steven Kanaga in his capacity as Executor of the Estate of Millwee Holler-Kanaga.

7) Correct Defendant name from The 3M Company, f/k/a Minnesota Mining and Manufacturing, Co. to 3M Company, f/k/a Minnesota Mining and Manufacturing, Co. Correct Defendant name Chemguard Inc. to Chemguard, Inc.

8) Remove Plaintiffs' attorney, Daniel R. Hayward, from the attorney caption

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

and signature block. Attorney Daniel R. Hayward filed a Notice of Withdrawal on May 18, 2018, at ECF No. 5.

9) Add Plaintiffs' attorney, Aaron Modiano of Napoli Shkolnik, to attorney caption and signature block.

Plaintiffs CHRISTINA ACKERMAN; SUSAN BAKOS; PHYLLIS BERGMAN; CHARLES BLAKE; SUSIE BUSH; GLENN CALLENDER; JACQUELINE CALLENDER; JUSTIN CALLENDER; JERRI CARVER; BARBARA COLLINS; BRUCE CORBETT; CHRISTY CORBETT; CHARLES DAVIS; TERESA DAVIS; JULIE DIBBLE; CHAD EVANS; KRISTIN EVANS; JOHN EYRE; VINCENT FIATTARONE; CHERYL FRENCH; STEVEN FRENCH; ASHLEY GENZEL; COURTNIE GILLETTE, Individually and as Next Friend for her minor child, P.G.; MICAH GILLETTE, Individually and as Next Friend for his minor child, P.G.; HELENE HATCH; BRITTANY HENSLEY, Individually and as Next Friend for her minor child, L.H.; JORDAN HENSLEY, Individually and as Next Friend for his minor child, L.H.; BILL HIGGINS; JAKEN HUECHE; DENNIS HUNLEY; HEATHER HUNLEY, Individually and as Next Friend for her minor children, P.H. and T.H.; JOANNE HUNLEY; SHAWN HUNLEY; ANITA JARUIS; JENNIFER JOHNSON,

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 6

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

Individually and as Next Friend for her minor children, L.J. and Q. J.; SEAN

JOHNSON, Individually and as Next Friend for his minor children, L.J. and Q.J.;

DIANA KNEFF; STEVEN KANAGA, Individually and in his capacity as

Executor of the ESTATE OF MILLWEE HOLLER-KANAGA; RICHARD

LINK, Individually and as Next Friend for his minor child, G.L.; TERRI LINK;

JOSEPH MARTINEZ; JOHN MITSCHKE; YANG MITSCHKE; DONNA

O'BRIEN; JEREMY OWNBY; CORY PASSINETTI; EMMA PASSINETTI,

Individually and as Next Friend for her minor child, A.P.; JANAE PASSINETTI,

Individually and as Next Friend for her minor children, E.P., J.P., K.P., M.P., and

T.P.; JASON PASSINETTI; DONNA PETERSON; DELBERT REIBER;

Individually and as Next Friend for his minor children, A.R. and C.R.;

MARSHALL REIBER; SARRA REIBER; GARRET RUPERT, Individually and

as Next Friend for his minor children, C.R., K.R., and K.R.; HEATHER

RUPERT, Individually and as Next Friend for her minor children, C.R., K.R.,

and K.R.; LEWIS SCHWINN; BRADLY SHRUM; CORY SHRUM; JAN

SHARDELL SHRUM; JULIE SHRUM, Individually and as Next Friend for her

minor child, W.S; JALEY SIMMONS, Individually and as Next Friend for her

minor children, K.T. and K.T.; CHRIS TAYLOR, Individually and as Next

Friend for his minor children, K.T. and K.T.; PAMELA WILLIAMS;

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

ANTHONY ABEL; SAMANTHA BARCUS; MICHAEL BUYONAVICH; JACKIE COLBURN; JOEL ERWIN; JENNIFER FOLAND; EARL FORSMAN, Individually and in his capacity as Trustee for the EARL N. AND JANET L. FORSMAN TRUST; JANET FORSMAN, Individually and in her capacity as Trustee for the EARL N. AND JANET L. FORSMAN TRUST; ANTHONY GALLEGOS; HELEN GALLEGOS; DEBRA GEHRET; ROBIN GIPSON; AMY HAVENS, Individually and as Next Friend for her minor child, J.H.; DONNA JOHNSON; DOUGLAS JOHNSON; MICHAEL JOHNSON; KEIRSTIN JONES; TINA JONES; KENNETH KELLER; JILL LINK; CHRIS MCCULLOCH; SHARON MCCULLOCH; TODD MCINNIS; HEATHER PETRO; MATTHEW PETRO; LUANN STEPHENSON; WILLIAM STEPHENSON; WILLIAM URDRIAN; and FRANCELINA WALKER; individually and on behalf of all others similarly situated, by and through their undersigned counsel, hereby file this Class Action Complaint, individually, and on behalf of all others similarly situated, with individual claims and make these allegations based on information and belief against Defendants, 3M COMPANY (f/k/a Minnesota Mining and Manufacturing, Co), TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY, BUCKEYE FIRE EQUIPMENT CO., CHEMGUARD, INC.; and NATIONAL FOAM, INC.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 8

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

(collectively " Defendants"):

# I. INTRODUCTION

## A.     The Contamination of Airway Heights and Medical Lake

1.1     Fairchild Airforce Base ("Fairchild AFB") is located approximately 12 miles west of Spokane, Washington. It contains a fire training site, as well as several historical firefighting training sites.

1.2     The United States Air Force ("USAF") has conducted firefighting training exercises on Fairchild AFB from the 1970's to date.

1.3     As part of firefighting training exercises, Fairchild AFB, like many other U.S. military bases, has used Aqueous Film Forming Foam ("AFFF") and other materials containing perfluorooctanesulfonic acid ("PFOS") and related fluorochemicals that can degrade to perfluorooctanoic acid ("PFOA") or PFOS.

1.4     AFFF has been linked to the contamination of surface and groundwater with PFOA, PFOS and other perfluorinated chemicals ("PFC's") throughout the country.

1.5     The communities of Airway Heights and Medical Lake, Washington, ("Communities") are nearby and downgradient of Fairchild AFB and have widespread contamination in their water supply as the result of AFFF used at Fairchild AFB.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 9

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

1.6    Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

1.7    PFOA and PFOS that originated and were released from Fairchild AFB have contaminated numerous private and public wells relied upon by the Communities.

1.8    PFOA and PFOS has been detected in levels exceeding the current EPA Health Advisory Limit of 70 parts per trillion (ppt) in both municipal and private wells that provide water to the Communities.

1.9    Investigations have concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of AFFF at Fairchild AFB that contained PFOA and PFOS.

1.10    In or around April 2017, Plaintiffs and the Putative Class were first made aware that their drinking water was contaminated with PFC's, including PFOA and PFOS, at hazardous levels and to seek alternate drinking water supplies.

1.11    Several studies and assessments conducted by HydroGeoLogic, Inc. ("HGL"), CH2M Hill ("CH2M"), the United States Air Force, the Environmental Protection Agency's Office of Water ("EPAOW"), Amec Foster Wheeler ("AFW"), and the Washington State Department of Ecology ("WSDE") all

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

confirmed the existence of widespread PFC contamination of the groundwater resources for the Communities ("Areas of Investigation"). [1]

1.12   Prior investigations by the USAF and WSDE also concluded that decades of use, storage, and disposal of AFFF at Fairchild AFB caused the PFOA and PFOS contamination of groundwater in the surrounding communities, including contaminating the municipal water system and private wells serving Airway Heights and Medical Lake. [2]

1.13   Defendants manufactured and distributed the AFFF to Fairchild AFB, knowing that AFFF containing PFOA and/or PFOS presented an unreasonable risk to human health and the environment and was inherently dangerous.

1.14   Defendants also knew that PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies and other sensitive receptors, were persistent in the environment, and would bio-accumulate in humans causing serious health effects.

1.15   Defendants marketed and sold their products with knowledge that

---

[1] U.S. Air Force Engineering Center, Fairchild Air Force Base, Washington. *Action Memorandum for a Time-Critical Removal Action Treatment of PFOS- and PFOA-Contaminated Water In Residential Wells Near Fairchild Air Force Base, Washington.* Oct 2017.

[2] Fairchild Air Force Base Washington. *Fairchild AFB Washington Administrative Record File Number 219.* Sep. 1989.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 11

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

large quantities of AFFF, containing toxic PFC's, would be used in training exercises and in emergency situations at military bases, including Fairchild AFB, in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

1.16   The Defendants marketed and sold their products with knowledge that large quantities of AFFF, containing toxic PFC's, would be stored in fire suppressant systems and tanks on USAF Bases, including Fairchild AFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

1.17   The Defendants failed in their duty to warn users, bystanders, and sensitive receptors of the inherently dangerous properties of their AFFF.

1.18   The Putative Class represents over 11,600 residents of Airway Heights and Medical Lake who were exposed to drinking water contaminated with PFOA and/or PFOS from the Areas of Investigation, had their properties and soil contaminated with PFOA and PFOS, and who suffered bioaccumulation of PFOA and PFOS in their bodies.

## B.   Health Effects of PFOS and PFOA Exposure

1.19   Many parties have studied PFOA, also known as C8, including a Science Panel formed out of a class action settlement arising from contamination

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 12

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

from DuPont's Washington Works located in Wood County, West Virginia.

1.20   The C8 panel consisted of three epidemiologists specifically tasked with determining whether there was a probable link between PFOA exposure and human diseases. In 2012, the panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

1.21   Health effects of PFOS are the same as PFOA.

1.22   In the May 2015 "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFAS's)," scientists and other professionals from a variety of disciplines, concerned about the production and release into the environment of PFOA, called for greater regulation, restrictions, limits on the manufacture and handling of any PFOA containing product, and to develop safe non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment. [3]

1.23   The USEPA's Lifetime Health Advisory and Health Effects of 70 ppt, set in May 2016, was an attempt to identify the concentration of PFOA and/or PFOS in drinking water at or below which health effects are not

---

[3] Blum A, Balan SA, Scheringer M, Trier X, Goldenman G, Cousins IT, Diamond M, Fletcher T, Higgins C, Lindeman AE, Peaslee G, de Voogt P, Wang Z, Weber R. 2015. The Madrid statement on poly- and perfluoroalkyl substances (PFASs). Environ Health Perspect 123:A107–A111; http://dx.doi.org/10.1289/ehp.1509934.

SECOND AMENDED CLASS ACTION COMPLAINT WITH INDIVIDUAL CLAIMS AND DEMAND FOR JURY TRIAL • 2:18-cv-00117- Page 13

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

anticipated to occur over a lifetime of exposure.[4]

1.24   Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level (MCL) of 14 ppt for PFOA.

1.25   California has listed PFOA and PFOS to its Proposition 65 list as a chemical known to cause reproductive toxicity under the Safe Drinking Water and Toxic Enforcement Act of 1986.

1.26    The United States Senate and House of Representatives passed the National Defense Authorization Act in November 2017, which included $42 Million to remediate PFC contamination from military bases, as well as devoting $7 Million toward the Investing in Testing Act, which authorizes the Center for Disease Control and Prevention ("CDC") to conduct a study into the long-term health effects of PFOA and PFOS exposure.

1.27   Washington currently follows the USEPA level of 70 ppt for combined PFOA and PFOS levels.

## C.    The Putative Class and Plaintiffs' Exposure and Damages

1.28   Plaintiffs and the Putative Class have been injured as a result of receiving water with elevated levels of PFC's, including PFOA and PFOS.

---

[4] Lifetime Health Advisories and Health Effects Support Documents for Perfluorooctanoic Acid and Perfluorooctane Sulfonate, 81 Fed. Reg. 101 (May 25, 2016).

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 14

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

1.29   Plaintiffs and the Putative Class have suffered exposure, personal injury, bioaccumulation of PFC's in their blood which causes known cancers and diseases, property damage, and the diminution of property value as a result of the PFC contamination caused by AFFF, of their water supplies.

1.30   As a result of years of consuming contaminated water, the Plaintiffs and the Putative Class, as residents in the communities of Airway Heights and Medical Lake, have been unknowingly exposed for many years to PFC's at concentrations hazardous to their health through the ingestion and dermal absorption of PFOA and PFOS.

1.31   The properties of the Plaintiffs and the Putative Class have been damaged as a result of the presence of PFC's in their homes, their soil, surrounding property, and potable water supply.

1.32   Plaintiffs and the Putative Class seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from their drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 15

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

## II.  JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) and (d)(2) in that this action seeks monetary relief in excess of $5,000,000.00, exclusive of interest, costs and attorney's fees and is between citizens of different States.

2.2    This Court has jurisdiction over Defendants pursuant to RCW § 4.12.025.

2.3    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events or omissions by Defendants giving rise to the claims asserted herein occurred in the Eastern District of Washington and caused harm to Plaintiffs and the Class Members, the vast majority of whom reside in this District.

## III.    THE PARTIES

### A.    Plaintiffs and Class Representatives

3.1    Plaintiff Christina Ackerman is a former resident of Medical Lake, Washington, who currently resides at 405 North Megan Street, Post Falls, Idaho 83854. From 1997 to 2005 she resided at 4808 South Craig Road, Medical Lake, Washington 99022. The property received its water from a private well. PFC's entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 16

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

watering the lawn.

3.2    As a result of exposure to PFC's, Christina Ackerman's property has declined in value.

3.3    Plaintiff Christina Ackerman has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with pregnancy issues and stomach issues and has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.4    Plaintiff Susan Bakos is a resident of Florida. She formerly resided at 17911 W. 12th Ave, Medical Lake, Washington 99022. She lived at that address from 2006 to 2018, when she sold the property. The property receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.5    Plaintiff Susan Bakos has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.6    Plaintiff Phyllis Bergman is a resident of Medical Lake, Washington, who currently resides at 14315 West Thorpe Road, Medical Lake, Washington 99022. The property receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.7    As a result of exposure to PFC's, Plaintiff Phyllis Bergman's property has declined in value.

3.8    Plaintiff Phyllis Bergman has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with pregnancy problems, high blood pressure, ulcerative colitis, high cholesterol, thyroid disease, and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system and kidney cancer.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 18

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

3.9     Plaintiff Charles Blake is a resident of Airway Heights, Washington, who currently resides at 1428 S. Lundstrum St. Apt. 7 Airway Heights, WA 99001. He moved about a year ago from an address at 12823 West 13th #3, Airway Heights, Washington 99001. He was at his previous address roughly six years. His current and prior address are on city water. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.10    Plaintiff Charles Blake is a resident of Airway Heights, Washington, who currently resides at 1428 S. Lundstrum St. Apt. 7 Airway Heights, WA 99001. He moved in 2017 from an address at 12823 West 13th, #3, Airway Heights, Washington 99001. He was at his previous address roughly six years. His current and prior address are on city water. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.11    Plaintiff Charles Blake has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels,

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 19

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.12  Plaintiff Susie Bush is a former resident of Airway Heights, Washington, who currently resides at 10204 E. Valleyway, Spokane Valley, WA 99206. Her prior address was 12515 W. Frank St., Airway Heights, WA 99001. Her prior address received water from the City of Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.13  Plaintiff Susie Bush has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with learning disabilities, social anxiety disorders, hypothyroidism, premature ventricular contractions, asthma, and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.14  Plaintiffs Glenn Callender and Jacqueline Callender are residents of Medical Lake, Washington, who currently reside at 14725 West Thorpe Road,

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 20

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

Washington 99022. They own the property, which receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.15   Plaintiff Glenn Callender has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with high cholesterol, and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, changes in thyroid hormone, testicular disease, and kidney cancer.

3.16   Plaintiff Jacqueline Callender has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, Jacqueline Callender has been diagnosed with high cholesterol, high blood pressure, and is at an increased risk of developing several health conditions, including but not limited to pregnancy problems, miscarriages, and reproductive problems, effects on the liver and immune system, changes in thyroid hormone, and kidney cancer.

3.17   As a result of exposure to PFC's, Plaintiffs Jacqueline and Glenn Callender's property has declined in value.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 21

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

3.18   Plaintiff Justin Callender currently resides at 5015 S. Regal St.. Apt H 1061, Spokane WA 99223. He has been a frequent visitor to the Medical Lake and Airway Heights area and consumed the water at 14725 West Thorpe Road, Washington 99022, owned by Jacqueline and Glenn Callender, which receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.19   Plaintiff Justin Callender has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he is at an increased risk for high cholesterol, high blood pressure, developing several health conditions, including but not limited to effects on the liver and immune system, changes in thyroid hormone, testicular disease, and kidney cancer.

3.20   Plaintiff Jerri Carver is a resident of Medical Lake, Washington, who currently resides at 13811 West Thorpe Road, Medical Lake, Washington 99022. She owns the property, which receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 22

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

3.21   Plaintiff Jerri Carver has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, Jerri Carver has been diagnosed with high cholesterol, high blood pressure, and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, changes in thyroid hormone, and kidney cancer. As a result of exposure to PFC's, Plaintiff Jerri Carver's property has declined in value.

3.22   Plaintiff Barbara Collins is a resident of Medical Lake, Washington, who currently resides at 13811 West Thorpe Road, Medical Lake, Washington 99022. She owns the property, which receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.23   Plaintiff Barbara Collins has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, Barbara Collins has been diagnosed with high blood pressure, and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, and kidney cancer.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 23

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

3.24  As a result of exposure to PFC's, Plaintiff Barbara Collins' property has declined in value.

3.25  Plaintiffs Bruce and Christy Corbett are residents of Medical Lake, Washington, who currently reside at 17912 West 12th Ave., Medical Lake, Washington 99022. They have lived at that address since 1993. The property receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.26  Plaintiff Bruce Corbett has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with blood clots and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.27  Plaintiff Christy Corbett has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.28   As a result of exposure to PFC's, Plaintiffs Bruce and Christy Corbetts' property has declined in value.

3.29   Plaintiffs Charles and Teresa Davis are residents of Airway Heights, Washington, who currently reside at 1701 S. Lawson #45, Airway Heights, Washington 99001. They have lived at that location for the last eight years. The property receives water from the City of Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.30   Plaintiff Charles Davis has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced additional complication with diabetes and high blood pressure and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 25

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

kidney cancer.

3.31   Plaintiff Teresa Davis has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with a variety of thyroid issues and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.32   Plaintiff Julie Dibble is a resident of Medical Lake, Washington, who currently resides at 14315 West Thorpe Road, Medical Lake, Washington 99022. She owns the property, which receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.33   Plaintiff Julie Dibble has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, Julie Dibble has been diagnosed with pregnancy problems, miscarriages, and reproductive problems, high blood pressure, ulcerative colitis, high cholesterol, thyroid disease, liver disease, and is at an increased risk of developing several

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

health conditions, including but not limited to effects on the immune system and kidney cancer.

3.34   As a result of exposure to PFC's, Plaintiff Julie Dibble's property has declined in value.

3.35   Plaintiff Chad and Kristin Evans are residents of Airway Heights, Washington, who currently reside at 811 S. Campbell St. Airway Heights, Washington 99001. They have lived at this address since January 2015. The property receives water from a private well. Their prior address was 1038 S. Campbell, Airway Heights, WA 99001. They lived at that address from May 2014 until they moved into their current location. Their previous address received water from the City of Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.36   As a result of exposure to PFC's, Plaintiffs Chad and Kristin Evans' property has declined in value.

3.37   Plaintiff Chad Evans has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 27

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.38   Plaintiff Kristin Evans has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with fibromyalgia, experienced a potentially fatal pregnancy, and has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.39   Plaintiff John Eyre is former resident of Airway Heights, Washington, who currently resides at 25802 W. State Route 2 Reardan WA 99029. His prior address was 1810 S. Lyons Airway Heights, WA 99001. His prior address received water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.40   Plaintiff John Eyre has been exposed to elevated levels of PFC's. As

a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.41  Plaintiff Vincent Fiattarone is former resident of Medical Lake, Washington, who currently resides at 3303 N. Lee St., Spokane, WA 99207. His prior address was 17911 W. 12th Ave, Medical Lake, WA 99022. He lived at his prior address from 2006 to 2015. He also worked in Airway heights during the entire timeframe. His prior address received water from a private well and his workplace receives water from the City of Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.42  Plaintiff Vincent Fiattarone has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has stomach issues and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions,

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 29

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.43   As a result of exposure to PFC's, Plaintiff Vincent Fiattarone's property declined in value and demand. His property was being leased by a tenant with an option to purchase. After the discovery of the contamination, the tenant refused to honor the lease agreement and did not exercise the option to purchase. Mr. Fiattarone had difficulty finding another renter or buyer. After several failed attempts, he was forced to sell his property for some $30,000 less than the tax assessed value.

3.44   Plaintiffs Cheryl French and Steven French are residents of Medical Lake, Washington, who currently reside at 4708 South Craig Road. They own the property, which receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.45   Plaintiff Cheryl French has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, Cheryl French has been diagnosed with high cholesterol and kidney disease and

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 30

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, and kidney cancer.

3.46    Plaintiff Steven French has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, Steven French has been diagnosed with kidney disease, high cholesterol, high blood pressure, and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, changes in thyroid hormone, and kidney cancer.

3.47    As a result of exposure to PFC's, Plaintiffs Cheryl and Steven French's property has declined in value.

3.48    Plaintiff Ashley Genzel is former resident of Airway Heights, Washington, who currently resides at 1303 SE Dalton Dr. Lee's Summit, MO 64081. Her prior addresses were 715 S. Hayford Rd., Apt S304, Spokane, WA 99221 and 1810 S. Lyons, Airway Heights, WA 99001. She spent five years between the two addresses (2009-2014). Both addresses received water from the City of Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

3.49   Plaintiff Ashley Genzel has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she was diagnosed with thyroid cancer (which required thyroidectomy in 2015), migraines, infertility and has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.50   Plaintiffs Courtnie and Micah Gillette and their minor child P.G., are previous residents of Airway Heights, Washington, who currently reside at 2108 High Ave. Panama City, FL 32405. They have lived at their current address since November 2016. Their prior address was 12618 W. 2nd Ave., Airway Heights, WA 99001. They lived at the previous address for approximately three years. Their prior residence received water from the City of Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.51   Plaintiff Courtnie Gillette has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply,

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 32

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

she has been diagnosed with chronic sinusitis, cystic acne, periodontal disease, gastro-intestinal issues, chronic fatigue and adrenal failure and has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.52   Plaintiff Micah Gillette has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with gastrointestinal issues and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.53   The Gillette's minor child, P.G., has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with early age tooth decay and difficulty gaining weight and has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels,

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 33

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.54   Plaintiff Helene Hatch is a resident of Airway Heights, Washington, who currently resides at 12510 W. 9th Ave. Airway Heights, WA 99001. She has lived at that address for over a year. The property is on city water. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.55   Plaintiff Helene Hatch has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced irritable bowel syndrome and stomach issues that resolved as soon as she stopped drinking the water. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.56   As a result of exposure to PFC's, Plaintiff Helene Hatch's property has declined in value.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 34

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

3.57    Plaintiffs Brittany and Jordan Hensley and their minor child, L.H., are former residents of Medical Lake and Airway Heights, who currently reside at 1009 East 10th Avenue, Spokane, Washington 99202. At all times relevant herein, they lived at 14725 West Thorpe Road, Medical Lake, Washington 99022 and 209 S. Molly Mitchell Dr., Airway Heights, Washington 99001. PFC's have entered the properties, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.58    Plaintiff Brittany Hensley has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with pregnancy problems, miscarriages, and reproductive problems, thyroid disease, high cholesterol, and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, changes in thyroid hormone, and kidney cancer.

3.59    Plaintiff Jordan Hensley has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he is at an increased risk of kidney disease, high cholesterol, high blood pressure, and of developing several health conditions, including but not limited to effects on the liver and immune system, testicular disease, changes in thyroid hormone,

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 35

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

and kidney cancer.

3.60    The Hensley's minor child, L.H., has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he is at an increased risk of kidney disease, high cholesterol, high blood pressure, and of developing several health conditions, including but not limited to effects on the liver and immune system, testicular disease, changes in thyroid hormone, and kidney cancer.

3.61    Plaintiffs Bill Higgins is a resident of Medical Lake, Washington, who currently resides at 19804 W. Steinmetz Lane, Medical Lake, WA 99022. He has lived at that address for seven years and worked for the local casino for twelve years. The home and casino are on city water. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.62    Plaintiff Bill Higgins has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with ulcerative colitis, skin cancer, and Type 2 diabetes and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 36

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.63  Plaintiff Jaken Hueche is a resident of Medical Lake, Washington, who currently resides at 14315 West Thorpe Road, Medical Lake, Washington, 99022. The property receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.64  Plaintiff Jaken Hueche has been exposed to elevated levels of PFC's and has a bioaccumulation of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with high cholesterol levels, high blood pressure, ulcerative colitis, and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, changes in thyroid hormone, testicular disease, and kidney cancer.

3.65  Plaintiffs Dennis and Joanne Hunley are residents of Airway Heights, Washington, who currently reside at 1807 S. Lions Rd. Airway Heights, WA 99001. They have lived at the address since 1984. The property receives

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 37

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.66   As a result of exposure to PFC's, Plaintiffs Dennis and Joanne Hunley's property has declined in value.

3.67   Plaintiff Dennis Hunley has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with thyroid issues and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.68   Plaintiff Joanne Hunley has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 38

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

kidney cancer.

3.69   Plaintiffs Heather and Shawn Hunley, and their minor children, P.H. and T.H., are residents of Airway Heights, Washington, who currently reside at 1813 S. Lyons Airway Heights, WA 99001. Mr. Hunley has lived on the property since 1991. Ms. Hunley has lived on the property since 2007. The property receives water from a private well located on Plaintiff Dennis Hunley's property. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.70   Plaintiff Heather Hunley has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with hypothyroidism and has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.71   Plaintiff Shawn Hunley has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 39

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

1  a heightened risk of developing several health conditions, including but not

2  limited to effects on the liver and immune system, high cholesterol levels,

3  changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues,

4  testicular cancer, and kidney cancer.

5      3.72    The Hunley's minor child, P.H., has been exposed to elevated levels

6  of PFC's. As a result of her exposure to PFC's in the contaminated water supply,

7  she has experienced bioaccumulation of PFOS and PFOA in her blood which

8  carries a heightened risk of developing several health conditions, including but

9  not limited to effects on the liver and immune system, high cholesterol levels,

10  changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and

11  kidney cancer.

12

13      3.73    The Hunley's other minor child, T.H., has been exposed to elevated

14  levels of PFC's. As a result of his exposure to PFC's in the contaminated water

15  supply, he has experienced bioaccumulation of PFOS and PFOA in his blood

16  which carries a heightened risk of developing several health conditions, including

17  but not limited to effects on the liver and immune system, high cholesterol levels,

18  changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues,

19  testicular cancer, and kidney cancer.

20

21      3.74    Plaintiff Anita Jaruis is a resident of Medical Lake, Washington,

22

23

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 40

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

who currently resides at 14315 West Thorpe Road, Medical Lake, Washington 99022. She owns the property, which receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.75   Plaintiff Anita Jaruis has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with pregnancy problems, high blood pressure, high cholesterol, thyroid disease, ulcerative colitis and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, and kidney cancer.

3.76   As a result of exposure to PFC's, Plaintiff Anita Jaruis' property has declined in value.

3.77   Plaintiffs Jennifer and Sean Johnson and their minor children, L.J. and Q.J., currently reside at 2832 E. 35th Ave., Spokane, WA 99223. At all times relevant herein, they regularly spent substantial time at 14725 West Thorpe Road, Medical Lake, Washington 99022. The property received its water from a private well. PFC's have entered the Medical Lake property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

appliances, as well as through watering the lawn.

3.78   Plaintiff Jennifer Johnson has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she is at an increased risk of pregnancy problems, high blood pressure, high cholesterol, thyroid disease, ulcerative colitis and of developing several health conditions, including but not limited to effects on the liver and immune system, and kidney cancer.

3.79   Plaintiff Sean Johnson has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he is at an increased risk of high blood pressure, high cholesterol, thyroid disease, ulcerative colitis and of developing several health conditions, including but not limited to testicular disease, effects on the liver and immune system, and kidney cancer.

3.80   The Johnson's minor child, L.J., has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply he suffers from expressive speech disorder, sensory processing disorder, neurological disorder, developmental disorder and is at an increased risk of high blood pressure, high cholesterol, thyroid disease, ulcerative colitis and of developing several health conditions, including but not limited to testicular

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 42

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

disease, effects on the liver and immune system, and kidney cancer.

3.81    The Johnson's other minor child, Q.J., has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he is at an increased risk of high blood pressure, high cholesterol, thyroid disease, ulcerative colitis and of developing several health conditions, including but not limited to testicular disease, effects on the liver and immune system, and kidney cancer.

3.82    Plaintiff Diana Kneff is a resident of Airway Heights, Washington, who currently resides at 12502 W. 21st St., Airway Heights, WA 99001. She has lived there for ten years and has lived in Airway Heights since the 1980's. The property receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.83    As a result of exposure to PFC's, Plaintiff Diana Kneff's property has declined in value.

3.84    Plaintiff Diana Kneff has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with multiple urinary tract infections (UTI), high cholesterol, anxiety, nausea, and vomiting and has experienced bioaccumulation of PFOS and

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 43

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.85   Plaintiff Steven Kanaga is a resident of Medical Lake, Washington, who currently resides at 14808 W. Thorpe Rd., Medical Lake, WA 99022. Steven Kanaga's wife, Millwee Holler-Kanaga, died on June 14, 2018. Mr. Kanaga is the executor of the estate of Ms. Holler-Kanaga. Prior to her death, Mr. Kananga and his wife lived at the Thorpe Rd. address since 1994; Mr. Kanaga lives there still. The property receives water from a private well. Mrs. Holler-Kanaga's prior address was 14525 W. Thorpe Rd. Medical Lake, WA 9022. She lived at her previous address from 1960 to 1974 and 1980 to 1994. Her prior residence received water from a private well. PFC's have entered both properties, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.86   Plaintiff Kanaga's wife, Millwee Holler-Kanaga, was exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she experienced bioaccumulation of PFOS and PFOA in her blood, which carries a heightened risk of developing several health

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer. Mrs. Holler-Kanaga died of liver cancer on June 14, 2018. Mr. Kanaga is the executor of Mrs. Holler-Kanaga's estate.

3.87    Plaintiff Steven Kanaga has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, testicular cancer, fertility issues, and kidney cancer.

3.88    As a result of exposure to PFC's, Plaintiff Steven Kanaga's property has declined in value.

3.89    Plaintiffs Richard and Terri Link, and their minor child, G.L., are residents of Airway Heights, Washington, who currently reside at 1701 S. Lawson St., Lot #2, Airway Heights, WA 99001. They have lived at this address for ten years. The property receives water from the City of Airway Heights. PFC's have entered the property, including but not limited to through the

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.90   Plaintiff Richard Link has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with weight problems, flu-like symptoms, fatigue, diarrhea, and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.91   Plaintiff Terri Link has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with seizures, nodules on her thyroid, hyperglycemia, Crohn's disease and hormone imbalances and has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.92   The Link's minor child, G.L., has been exposed to elevated levels

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 46

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.93   Plaintiff Joseph Martinez is a former resident of Airway Heights, Washington, who currently resides at 2816 W. Everett Ave. Spokane, WA 99205. His prior address was 1020 S. Easy Street, Airway Heights, WA 99001. He lived at his prior address for roughly eight years. His prior address received water from the City of Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.94   Plaintiff Joseph Martinez has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with high blood pressure, high cholesterol, stroke at age thirty-two, stomach issues, and thyroid issues and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.95   Plaintiffs John and Yang Mitschke are residents of Medical Lake, Washington, who currently reside at 16412 W. Boone Lane, Medical Lake, WA 99022. They also own a business located at 13220 W. Sunset Hwy Airway Heights, WA 99001. They own multiple parcels in the Medical Lake area. The residence receives water from a private well and their business receives water from the City of Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.96   Plaintiff John Mitschke has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with multiple sclerosis and high cholesterol and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

3.97    Plaintiff Yang Mitschke has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with thyroid issues and has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.98    As a result of exposure to PFC's, Plaintiffs John and Yang Mitschke's properties have declined in value.

3.99    Plaintiff Donna O'Brien is former resident of Airway Heights, Washington, who currently resides at 10204 E. Valleyway, Spokane, WA 99206. Her prior address was 12528 W. Frank, Airway Heights, WA 99001. She lived at the prior address from 1985 to 2011. The prior address receives water from the city of Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.100 Plaintiff Donna O'Brien has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with severe hyperthyroidism and kidney cancer and has

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.101 Plaintiff Jeremy Ownby is a former resident of Airway Heights, Washington, who currently resides at 212 N. Main St., Latah, WA 99018. His prior address was 12508 W. 21st Ave Airway Heights, WA 99001. He lived at his prior address for 20 years. His prior address receives water from a private well. He also worked in Airway Heights and drank the water from the City of Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.102 Plaintiff Jeremy Ownby has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with childhood ulcer issues, several hip surgeries due to osteoarthritis and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 50

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.103 Plaintiff Cory Passinetti currently resides at 210 W. 19th Unit A, Post Falls, Idaho 83854 and is married to Emma Passinetti. At all times relevant herein, Plaintiff Cory Passinetti resided at 4920 S. Craig Rd., Medical Lake, Washington 99022 and 4708 S. Craig Rd., Medical Lake, Washington 99022. These properties receive water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.104 Plaintiff Cory Passinetti has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he is at an increased risk of developing high blood pressure, and of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, testicular disease, and kidney cancer.

3.105 Plaintiff Emma Passinetti and A.P., her minor daughter, are residents of Medical Lake, Washington, who currently reside at 4708 S. Craig Rd., Medical Lake, Washington 99022. At all times relevant herein, they have lived at

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

4708 S. Craig Rd., Medical Lake, Washington 99022. The property receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.106 Plaintiff Emma Passinetti and A.P. have been exposed to elevated levels of PFC's. As a result of their exposure to PFC's in the contaminated water supply, they are at an increased risk of high cholesterol, high blood pressure, pregnancy problems, miscarriages, and developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, and kidney cancer.

3.107 Plaintiff Janae Passinetti, and her minor children, E.P., J.P., K.P., M.P., and T.P., currently reside at 736 E. Joshua, Medical Lake, Washington 99022 and previously resided at 4708 S. Craig Rd., Medical Lake, Washington 99022. These properties receive water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.108 Plaintiff Janae Passinetti, and her minor children, E.P., J.P., K.P., M.P., and T.P., have been exposed to elevated levels of PFC's. As a result of

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 52

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

their exposure to PFC's in the contaminated water supply, they are at an increased risk of high cholesterol, high blood pressure, and developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, and kidney cancer. Ms. Passinetti's sons, E.P., J.P., and T.P., are at an increased risk of developing testicular disease. Janae Passinetti and her daughters, M.P. and K.P., are at an increased risk of pregnancy problems, including miscarriages.

3.109 Plaintiff Jason Passinetti is a resident of Medical Lake, Washington, who currently resides at 736 East Joshua Drive, Medical Lake, Washington 99022. Plaintiff Jason Passinetti has lived in other residences in Spokane County: 4920 South Craig Road (1986-1989); 4708 South Craig Road (1989-2004); 8821 North Dale Street (2004-2005); 12202 East Maxwell Avenue (2005-2006); 1515 South Pulpwood Road (2006); 3104 East Jackson Avenue (2006-2008); 808 East Terrace Avenue (2008-2009); 2820 East Cherry Street (2009-2010); and 6811 South Fanazick Drive (2010-2016).

3.110 Plaintiff Jason Passinetti owns the property at 736 East Joshua Drive, and that property receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 53

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

lawn.

3.111 As a result of exposure to PFC's, Plaintiff Jason Passinetti's property has declined in value.

3.112 Plaintiff Jason Passinetti has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with high blood pressure, and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, testicular disease, and kidney cancer.

3.113 Plaintiff Donna Peterson is a resident of Medical Lake, Washington, who currently resides at 329 S. Brower Street, Medical Lake, Washington 99022. At all times relevant herein, she lived at 14315 West Thorpe Road, another address in Medical Lake, Washington 99022. The West Thorpe Road property receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.114 Plaintiff Donna Peterson has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, Donna Peterson has been diagnosed with pregnancy problems, miscarriages, and

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, and kidney cancer.

3.115 Plaintiffs Delbert and Sarra Reiber, and their minor children, A.R. and C.R., are residents of Medical Lake, Washington, who currently reside at 631 S. Evergreen, Medical Lake, WA 99022. Their current address receives water from the City of Airway Heights. Their prior address was 16910 State Highway 902, Medical Lake 99022. In 2014, the 16910 State Highway 902 address was changed to 7205 S. Summer Lane, Medical Lake WA 99002. They lived at the Summer Lane address from 1997 to 2015. The Summer Lane address received water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.116 Plaintiff Delbert Reiber has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with an auto-immune disease and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 55

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.117 Plaintiff Delbert Reiber also owns twenty-eight acres at 6505 S. Bartholomew Rd, Medical Lake, WA 99022. That land has depreciated in value due to the PFC contamination.

3.118 Plaintiff Sarra Reiber has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with three miscarriages and gastric issues and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.119  The Reiber's minor child, A.R., has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with an auto-immune disease and has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.120 The Reiber's other minor child, C.R., has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has been diagnosed with an auto-immune disease and has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.121 Plaintiff Marshall Reiber lived at the home of his parents, Sarra and Delbert Reiber, at 7205 S. Summer Lane, Medical Lake WA 99022 from 1997 to 2015. The Summer Lane address received water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.122 Plaintiff Marshall Reiber has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 57

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.123 Plaintiffs Garret Rupert, Heather Rupert, and their minor children, C.R., K.R. and K.R., are former residents of Medical Lake, Washington, who currently reside at 10913 West 6th Avenue E110, Airway Heights, Washington 99001. At all times relevant herein, they lived in Spokane County at 4708 South Craig Road, Medical Lake, Washington 99022.

3.124 Ms. Rupert owns the property on South Craig Road, which receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.125 As a result of exposure to PFC's, Plaintiff Heather Rupert's property has declined in value.

3.126 Plaintiffs Garret Rupert, Heather Rupert, and their minor children, C.R., K.R., and K.R., have been exposed to elevated levels of PFC's.

3.127 As a result of his exposure to PFC's in the contaminated water supply, Garret Rupert has been diagnosed with high blood pressure, and is at an

increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, testicular disease and kidney cancer.

3.128  As a result of her exposure to PFC's in the contaminated water supply, Heather Rupert is at an increased risk of pregnancy problems, miscarriages, and reproductive problems, liver disease, thyroid disease, high cholesterol, high blood pressure, ulcerative colitis, and several health conditions, including but not limited to effects on the immune system, changes in thyroid hormone, and kidney cancer.

3.129  As a result of his exposure to PFC's in the contaminated water supply, C.R. is at an increased risk of developing high blood pressure, and several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, testicular disease and kidney cancer.

3.130 As a result of her exposure to PFC's in the contaminated water supply, K.R. is at an increased risk of pregnancy problems, miscarriages, and reproductive problems, liver disease, thyroid disease, high cholesterol, high blood pressure, ulcerative colitis, and several health conditions, including but not limited to effects on the immune system, changes in thyroid hormone, and kidney

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 59

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

cancer.

3.131 As a result of her exposure to PFC's in the contaminated water supply, K.R. is at an increased risk of pregnancy problems, miscarriages, and reproductive problems, liver disease, thyroid disease, high cholesterol, high blood pressure, ulcerative colitis, and several health conditions, including but not limited to effects on the immune system, changes in thyroid hormone, and kidney cancer.

3.132 Plaintiff Lewis Schwinn is a resident of Airway Heights, Washington, who currently resides at 13309 W. 12th Ave., Airway Heights, WA 99001. His prior address was in Airway Heights, WA 99001. He has lived in Airway Heights for the last fifteen years. The property receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.133 As a result of exposure to PFC's, Plaintiff Schwinn's property has declined in value.

3.134 Plaintiff Lewis Schwinn has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has been diagnosed with kidney stones and stomach problems and has

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 60

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.135 Plaintiffs Bradly and Jan Shardell Shrum are former residents of Medical Lake, Washington, who currently reside at 12711 W. Medical Lake Rd. Spokane, WA 99224. They own a rental property at 2024 S. Hayden Rd. Airway Heights. The Shrum family owns and operates a farming business using the 2024 S. Hayden property (parcels 15251.0117 and 15251.0114). They irrigate with water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.136 Plaintiff Bradly Shrum has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues,

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

testicular cancer, and kidney cancer.

3.137 Plaintiff Jan Shardell Shrum has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.138 The Shrums are no longer able to farm their land because their insurance carrier will not insure their crops because PFC's are present in the soil and irrigation water. The EPA has told them that the PFC's will "uptake" into the crops. Their seed vendor and crop distributors will not buy their crops if they contain PFC's.  Their land has depreciated in value and they cannot generate revenue because of the PFC contamination.

3.139 Plaintiffs Cory and Julie Shrum, and their minor child, W.S., are residents of Airway Heights, Washington, who currently reside at 2024 S. Hayden Rd. Cory has lived at the address since 2007. Julie has lived at the address since 2009. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

appliances, as well as through watering the lawn.

3.140 Plaintiff Cory Shrum has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.141  Plaintiff Julie Shrum has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.142 The Shrum's minor child, W.S., has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, testicular cancer, and kidney cancer.

3.143 Plaintiffs Jaley Simmons, Chris Taylor, and their minor children, K.T. and K.T., are residents of Medical Lake, Washington, who currently reside at 1110 San Salvador Street, Medical Lake, Washington 99022. At all times relevant herein, Plaintiff Jaley Simmons lived at 14315 West Thorpe Road, Medical Lake, Washington 99022. The property received water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.144 Plaintiff Jaley Simmons has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, Jaley Simmons has been diagnosed with pregnancy problems, miscarriages, and reproductive problems, liver disease, thyroid disease, high cholesterol, high blood pressure, ulcerative colitis, and is at an increased risk of developing several health conditions, including but not limited to effects on the immune system, changes in thyroid hormone, and kidney cancer.

3.145 Plaintiff Chris Taylor, as a result of his exposure to PFC's in the

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

contaminated water supply is at an increased risk of developing high blood pressure, and several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, testicular disease and kidney cancer.

3.146 As a result of his exposure to PFC's in the contaminated water supply, Ms. Simmons and Mr. Taylor's minor child, K.T., is at an increased risk of developing high blood pressure, and several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, testicular disease and kidney cancer.

3.147 As a result of her exposure to PFC's in the contaminated water supply, Ms. Simmons and Mr. Taylors other minor child, K.T., is at an increased risk of pregnancy problems, miscarriages, and reproductive problems, liver disease, thyroid disease, high cholesterol, high blood pressure, ulcerative colitis, and several health conditions, including but not limited to effects on the immune system, changes in thyroid hormone, and kidney cancer.

3.148 Plaintiff Pamela Williams is a resident of Airway Heights, WA who currently resides at 1702 S. Mintle St. Space #21 Airway Heights, WA 99001. She has lived at that address for twelve years. The property receives water from the City of Airway Heights. Her prior address was at 1649 S. Campbell St. #8b

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 65

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

Airway Heights, WA 99001. She was at her prior address for eight years. Her prior address also received water from Airway Heights. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.149 Plaintiff Pamela Williams has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.150  Plaintiff Pamela Williams' son died at age twenty-nine. He lived at the same address as his mother and was also exposed to PFC's in the water supply. He died from myeloid leukemia. The family has no history of this type of cancer.

3.151 Plaintiff Anthony Abel is a resident of Medical Lake, Washington, who currently resides at 717 S. Bartholomew Street, Medical Lake WA 99022. Mr. Abel has owned the subject property since June, 2014. The Bartholomew

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

Street property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Mr. Abel's property assessment has been reduced by twenty-five percent by the Spokane County Assessor due to the contamination of the well.

3.152 As a result of exposure to PFC's, Plaintiff Anthony Abel's property has declined in value.

3.153 Plaintiff Samantha Barcus is a resident of Medical Lake, Washington, who currently resides at 14424 W. Heavenly Horse Lane, Airway Heights, WA 99001. She previously lived at 909 S. Fairchild St., Medical Lake, WA 99022 from 1999 - 2016. The Fairchild Street property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. The Heavenly Horse Lane property is served by Airway Heights municipal water, which has likewise been found to contain levels of PFOS and PFOA well in excess of safe levels.

3.154 Plaintiff Samantha Barcus has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which

carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Ms. Barcus suffers from high cholesterol and has so suffered since early childhood.

3.155 Plaintiff Michael Buyonavich is a resident of Airway Heights, Washington, who has resided at 1913 S. Mintle, Airway Heights, WA 99001 since 2001. The address is served by Airway Heights municipal water, which was found to contain levels of PFOS and PFOA well in excess of safe levels.

3.156 Plaintiff Michael Buyonavich has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Mr. Buyonavich suffers from severe gastrointestinal issues, along with enlargement of the liver and spleen.

3.157 Plaintiff Jackie Colburn is a resident of Medical Lake, Washington, who currently resides at 909 S. Fairchild St., Medical Lake, WA 99022, where

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

she has lived since purchasing that property in 1999. The Fairchild Street property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. Ms. Colburn's well previously provided 13.2 gallons per minute of water flow. She is advised that after the filtration system is installed by the Air Force, her water flow will be reduced to nine gallons per minute and she will be restricted in the amount of water sources she can use at once. The filtration system proposed by the Air Force does not address the external water supply they use to water their garden, including vegetables for human consumption.

3.158 As a result of exposure to PFC's, Plaintiff Jackie Colburn's property has declined in value.

3.159 Plaintiffs Joel Erwin and Robin Gipson are residents of Airway Heights, Washington, who currently reside at 1913 S. Lawson #14, Airway Heights, WA 99001. They have lived at this address since 2009. Joel Erwin and Robin Gipson previously lived at an address on West 20th Avenue, Airway Heights, WA, 99001 from 2005-2009. Both the Lawson Street and West 20th Avenue properties are served by Airway Heights municipal water, which was

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

found to contain levels of PFOS and PFOA well in excess of safe levels.

3.160 Plaintiff Joel Erwin has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Mr. Erwin suffers from immune system difficulties including a low platelet count.

3.161 Plaintiff Robin Gipson has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Ms. Gipson is under doctor's care for thyroid issues.

3.162 Plaintiffs Jennifer Foland and her husband, Plaintiff Michael Johnson, are residents of Medical Lake, Washington, who currently reside at 6118 Craig Rd., Medical Lake, Washington 99022. From 2010 to 2015 they

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

resided at 910 Summit Drive, Cheney, Washington, 99004. They own the property, which receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.163 Plaintiff Jennifer Foland has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer.

3.164 As a result of exposure to PFC's, Plaintiffs Jennifer Foland and Michael Johnson's property has declined in value.

3.165 Plaintiffs Earl and Janet Forsman and the Earl N. and Janet L. Forsman Trust are residents of Spokane, Washington, who currently reside at 7413 W. Deno Rd, Spokane, 99224. The Forsmans have owned the subject property since 1972 and have resided upon it since 1974. They conveyed the property to the Earl N. and Janet L. Forsman Trust in 1999, and the Trust owns it

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 71

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

at this time. The Deno Road property consists of two ten-acre parcels, each with its own private well. One of the wells has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn. The contaminated well renders the ten-acre parcel containing it unmarketable. The Forsmans used the contaminated well for decades to water their large fruit and vegetable garden on the parcel containing their home. They have abandoned this garden due to PFOS/PFOA contamination of the soil.

3.166 As a result of exposure to PFC's, Earl N. and Janet L. Forsman Trust's property has declined in value.

3.167 Plaintiff Earl Forsman has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Mr. Forsman suffers from high cholesterol and mantle cell lymphoma cancer with origins in the immune system.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 72

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

3.168 Plaintiff Janet Forsman has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Ms. Forsman suffers from high cholesterol.

3.169 Plaintiffs Anthony and Helen Gallegos are residents of Medical Lake, Washington, who currently reside at 720 S. Bartholomew Street, Medical Lake, WA 99022. The Gallegoses have owned and resided upon the subject property since 2002. The Bartholomew Street property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.170 As a result of exposure to PFC's, Plaintiffs Helen and Anthony Gallegos's property has declined in value.

3.171 Plaintiff Anthony Gallegos has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 73

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

has experienced bioaccumulation of PFOS and PFOA in his blood and is at heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Mr. Johnson suffers from high cholesterol.

3.172 Plaintiff Debra Gehret is a resident of Medical Lake, Washington, who currently reside at 614 S. Bartholomew Street, Medical Lake, WA 99022. Ms. Gehret has owned and resided upon the subject property since 2005. The Bartholomew Street property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.173 As a result of exposure to PFC's, Plaintiff Debra Gehret's property has declined in value.

3.174 Plaintiff Amy Havens is a resident and former business owner of the Airway Heights area who has owned her residence at 525 W. Kynan Lane, Spokane, WA 99224 since 2012. Prior to that, Ms. Havens, owned and resided at 8225 W. Trails Road, Spokane, WA 99224. Both properties are served by private

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 74

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

well.  At this time, neither the Kynan Lane nor the Trails Road property wells have been tested to determine if they contain levels of PFOS and PFOA well in excess of safe levels.

3.175  Plaintiff Amy Havens operated a daycare, Child Haven Learning Center, at 1424 S. Campbell, Airway Heights, WA 99001 from 2002 until February of 2018. Ms. Havens has owned the Campbell Street property since 2002 and owns it still. The Campbell Street property is served by Airway Heights municipal water, which was found to contain levels of PFOS and PFOA well in excess of safe levels. In June 2017, Ms. Havens was advised by the Washington State Department of Licensing to suspend her daycare operation due to the contamination of the water supply. She closed the daycare for three days. Ms. Havens consumed the contaminated water at this address for seventeen years, including during her pregnancy.

3.176 J.H. is the minor child of Plaintiff Amy Havens. J.H. has been exposed to elevated levels of PFC's in utero, as his mother worked long hours at her daycare during her pregnancy, as a full-time client of his mother's daycare, and possibly at his mother's home as well. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood and is at heightened risk of developing several health

conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. J.H. suffers from Neutropenia, an immune system disorder which required him to live for years under quarantine-like conditions. He continues to require daily medication and may eventually require a bone marrow transplant.

3.177 Plaintiffs Douglas and Donna Johnson are residents of Medical Lake, Washington, who currently reside at 720 S. Fairchild Street, Medical Lake, WA 99022. The Johnsons have owned and resided upon the subject property since 2007. The Fairchild Street property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.178 Plaintiff Douglas Johnson has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood and is at heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 76

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Mr. Johnson suffers from high cholesterol.

3.179 Plaintiff Donna Johnson has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Ms. Johnson suffers from high cholesterol.

3.180 As a result of exposure to PFC's, Plaintiffs Douglas and Donna Johnson's property has declined in value.

3.181 Plaintiff Keirstin Jones is a resident of Airway Heights, Washington, who has resided at 1701 S. Lawson Street, Airway Heights, WA 99001 since 2012. The address is served by Airway Heights municipal water, which was found to contain levels of PFOS and PFOA well in excess of safe levels.

3.182 Plaintiff Keirstin Jones has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. In 2012, Ms. Jones suffered from pregnancy-induced hypertension and other complications with her pregnancy.

3.183 Plaintiff Tina Jones is a resident of Airway Heights, Washington, who has resided at 1701 S. Lawson Street, Airway Heights, WA 99001 since 2012. She lived in the now-defunct Fairview Mobile Home Park from 1982 – 1989. The park was situated on Highway 2 in Airway Heights. Both addresses were served by Airway Heights municipal water, which was found to contain levels of PFOS and PFOA well in excess of safe levels.

3.184 Plaintiff Tina Jones has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Ms. Jones has suffered from elevated cholesterol since her teen years.

3.185 Plaintiff Kenneth Keller is a resident of Airway Heights, Washington, who has resided at 12411 W 1st Ave., Airway Heights, WA 99001

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

since 2013. This address was served by Airway Heights municipal water, which was found to contain levels of PFOS and PFOA well in excess of safe levels.

3.186 Plaintiff Kenneth Keller has been exposed to elevated levels of PFC's. As a result of his exposure to PFC's in the contaminated water supply, he has experienced bioaccumulation of PFOS and PFOA in his blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Mr. Keller suffers from kidney cancer which has required removal of one of his kidneys.

3.187 Plaintiff Jill Link is a resident of Medical Lake, Washington, who currently resides at 1010 S. Bartholomew Street, Medical Lake WA 99022. Ms. Link has owned the subject property since 1994. The Bartholomew Street property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.188 As a result of exposure to PFC's, Plaintiff Jill Link's property has declined in value.

3.189 Plaintiffs Chris and Sharon McCulloch are residents of Medical Lake, Washington, who currently reside at 914 S. Bartholomew Street, Medical Lake WA 99022. The McCullochs have owned the subject property since July 2007. The Bartholomew Street property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.190 As a result of exposure to PFC's, Plaintiffs Chris and Sharon McCulloch's property has declined in value.

3.191 Plaintiff Sharon McCulloch has been exposed to elevated levels of PFC's since 2007. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and kidney cancer. Plaintiff Sharon McCulloch has been diagnosed with thyroid disease and Lichen Plantus, an auto-immune disorder.

3.192 Plaintiff Todd McInnis is a resident of Spokane, Washington, who

currently resides at 2220 N. Sawbuck Lane, Spokane, WA 99224. Plaintiff McInnis has owned and resided upon the subject property since 1998. The Sawbuck Lane property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.193 As a result of exposure to PFC's, Plaintiff Todd McInnis' property has declined in value.

3.194 Plaintiffs Matthew and Heather Petro are residents of Medical Lake, Washington, who currently reside at 819 S. Bartholomew Street, Medical Lake, WA 99022. The Petros have owned and resided upon the subject property since 2007. The Bartholomew Street property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.195 As a result of exposure to PFC's, Plaintiffs Matthew and Heather Petro's property has declined in value.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 81

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

3.196 Plaintiffs William and LuAnn Stephenson are residents of Medical Lake, Washington, who currently reside at 812 S. Bartholomew Street, Medical Lake, WA 99022. The Stephensons have owned and resided upon the subject property since 2005. The Bartholomew Street property is on a private well which has been found to contain levels of PFOS and PFOA well in excess of safe levels. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.197 The Stephensons' property assessment has been reduced by forty-one percent by the Spokane County Assessor due to the contamination of their well. As a result of exposure to PFC's, Plaintiffs William and LuAnn Stephenson's property has declined in value.

3.198 Plaintiff William Urdrian is a resident of Medical Lake, Washington, who currently resides at 710 S Bartholomew Street, Medical Lake, Washington 99022. He owns the property, which receives water from a private well. PFC's have entered the property, including but not limited to through the accumulation of PFC's in the pipes, faucets, showerheads, and appliances, as well as through watering the lawn.

3.199 Plaintiff William Urdrian has been exposed to elevated levels of

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

PFC's. As a result of his exposure to PFC's in the contaminated water supply, William Urdrian has been diagnosed with high blood pressure and high cholesterol levels and is at an increased risk of developing several health conditions, including but not limited to effects on the liver and immune system, changes in thyroid hormone, ulcerative colitis, fertility issues, and kidney cancer.

3.200 As a result of exposure to PFC's, Plaintiff William Urdrian's property has declined in value.

3.201 Plaintiff Francelina Walker is a resident of Airway Heights, Washington, who currently resides at 12628 W. Sunset Highway, Airway Heights, WA 99001. She has lived in a succession of apartments in Airway Heights since 1981. All apartments where Plaintiff Walker has resided are served by Airway Heights municipal water, which was found to contain levels of PFOS and PFOA well in excess of safe levels.

3.202 Plaintiff Francelina Walker has been exposed to elevated levels of PFC's. As a result of her exposure to PFC's in the contaminated water supply, she has experienced bioaccumulation of PFOS and PFOA in her blood which carries a heightened risk of developing several health conditions, including but not limited to effects on the liver and immune system, high cholesterol levels, changes in thyroid hormone, hypertension, ulcerative colitis, fertility issues, and

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 83

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

kidney cancer. Ms. Walker suffers from thyroid disease: she has had her thyroid and parathyroid glands removed. As a result, she must take daily calcium injections for the rest of her life and suffers from lack of sensation in her extremities due to her calcium deficiency.

## B.    Defendants

3.203 When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

3.204 The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

3.205 Upon information and belief, each of the Defendants are responsible, negligently, intentionally and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants or employees, or

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 84

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

due to the ownership, maintenance or control of the instrumentality causing them injury, or in some other actionable manner.

3.206  Defendant 3M Company ("3M") is, upon information and belief, a Delaware corporation and does business throughout the United States, including conducting business in Washington. 3M designed, manufactured and sold AFFF used for training and to fight fires at numerous military bases and other locations throughout the country, including Fairchild Air Force Base.

3.207 Defendant 3M is an American multinational corporation based in Maplewood, Minnesota. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products.

3.208 3M is engaged in substantial and not isolated activity in this state; all as more fully alleged herein.

3.209  Defendant TYCO Fire Products L.P., successor in interest to the Ansul Company (hereinafter "Tyco"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. Tyco manufactured and manufactures the Ansul brand of products, including Ansul brand AFFF.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 85

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

3.210 Upon information and belief, Defendant Tyco is the successor in interest to the corporation formerly known as the Ansul Company ("Ansul"). Hereinafter, Ansul and/or Tyco as the successor in interest to Ansul will be referred to collectively as "Tyco/Ansul." At all times relevant, Tyco/Ansul designed, manufactured and sold AFFF used for training and to fight fires at numerous military bases and other locations throughout the country, including Fairchild Air Force Base.

3.211 Defendant Buckeye Fire Equipment Company ("Buckeye") is a North Carolina corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

3.212 At all times relevant to the present litigation, Buckeye designed, manufactured and sold AFFF used for training and to fight fires at numerous military bases and other locations throughout the country, including Fairchild Air Force Base.

3.213 Defendant Chemguard, Inc. ("Chemguard") is a Wisconsin corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

3.214 At all times relevant to the present litigation, Chemguard designed, manufactured and sold AFFF used for training and to fight fires at numerous

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 86

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

military bases and other locations throughout the country, including Fairchild Air Force Base.

3.215 National Foam, Inc. ("National Foam") is a Delaware corporation, having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, National Foam designed, manufactured and sold AFFF used for training and to fight fires at numerous military bases and other locations throughout the country, including Fairchild Air Force Base.

3.216 At all times relevant to the present litigation, National Foam designed, manufactured and sold AFFF used for training and to fight fires at numerous military bases and other locations throughout the country, including Fairchild Air Force Base.

## IV.    FACTUAL ALLEGATIONS AS TO ALL COUNTS

4.1    AFFF formulations are chemical mixtures used to extinguish hydrocarbon fuel-based fires.

4.2    AFFF containing fluorinated surfactants have a better firefighting capability than plain water due to their surface-tension lowering properties-essentially smothering the fire and starving it of its oxygen.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 87

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

4.3    However, some fluorinated surfactants have unique properties that cause some of the compounds to not biodegrade and to bioaccumulate and are toxic to animals and humans.

4.4    AFFF is a Class-B firefighting foam. It is mixed with water and used to extinguish fires that are difficult to fight, particularly those that involve petroleum or other flammable liquids.

4.5    AFFF was introduced commercially in the mid-1960s and rapidly became the primary firefighting foam in the U.S. and in many parts of the world.

4.6    AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation aqueous film forming foam.

4.7    Defendants 3M, Tyco/Ansul, National Foam, Chemguard and Buckeye designed, manufactured, and sold AFFF that was used at Fairchild Air Force Base.

4.8    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

PFOA.

4.9     3M was the only company to manufacture PFOS-containing AFFF.

4.10    In an attempt to limit liability, 3M opted to stop producing PFOS 2002 because it was aware of the looming chemical exposure and health effects on the public.

4.11    Similarly, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and has many uses, including repelling oil, stains, grease, and water.

4.12    In 1947, 3M began producing PFOA via ECF.

4.13    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

4.14    Other companies, such as Defendants Tyco/Ansul, Buckeye, National Foam, and Chemguard began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants' AFFF was then sold to the USAF for use at fire departments and industrial facilities across the nation, including Fairchild AFB.

4.15    The chemical structure of PFOA and PFOS makes them resistant to breakdown or environmental degradation. As a result, they are persistent when

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

released into the environment. Some PFC's, such as PFOS and PFOA, have been found to bioaccumulate in humans and animals. In 2005, the U.S. Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

4.16    As early as the 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and do not degrade.

4.17    Early studies showed that PFC's accumulated in the human body and were "toxic." 3M studies from the 1970s concluded that PFC's were "even more toxic" than previously believed.

4.18    Upon information and belief, by the 1970's, 3M knew that its PFC's (PFOA and PFOS) were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators.

4.19    In or about 1977, Tyco/Ansul was also aware of the environmental and toxic concerns of its AFFF and undertook a study and investigation on more environmentally improved AFFF.

4.20    FOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

4.21    Because of its toxicity, eight major PFOA manufacturers agreed in

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 90

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

2006 to participate in the U.S. Environmental Protection Agency's ("EPA") PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by ninety-five percent, no later than 2010.

4.22    PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

4.23    Human studies show associations between increased PFOA levels in blood and an increased risk of several health conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

4.24    These injuries can arise months or years after exposure to PFOA.

4.25    PFOA's extreme persistence in the environment, along with its toxicity, mobility, and bioaccumulation potential, pose probable adverse effects to human health and the environment.

4.26    An October 2017 USAF "Action Memorandum for a Time-Critical Removal Action Treatment of PFOS- and PFOA- Contaminated Water In Residential Wells Near Fairchild Air Force Base, Washington," confirmed the use of AFFF at Fairchild AFB and that the fire training area on the base was the

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

source of PFC contamination of the groundwater supply. [5]

## V.    CLASS ACTION ALLEGATIONS

5.1    Plaintiffs incorporate the forgoing paragraphs as though the same were set forth at length herein.

5.2    Plaintiffs bring this action as a class action on their own behalf and on behalf of all other persons similarly situated as members of the proposed subclasses and seek to certify and maintain it as a class action under Rules 23(a); (b)(1) and/or (b)(2); and (b)(3) of the Federal Rules of Civil Procedure, subject to amendment and additional discovery as follows:

a.    **Medical Monitoring Class:** Individuals who consumed water from their municipal water supplier, smaller water systems, or domestic water supply wells in the Areas of Investigation. ("Medical Monitoring Class"). This Class is composed of the following subclasses:

1)    All individuals within the Areas of Investigation who have consumed water provided by the Airway Heights Water and Sanitation District (the "Airway Heights Water Sub-Class"); and

2)    All individuals within the Areas of Investigation who

---

[5] U.S.A.F Air Force Engineering Center, Fairchild Air Force Base, Washington. *Action Memorandum for a Time-Critical Removal Action Treatment of PFOS- and PFOA-Contaminated Water In Residential Wells Near Fairchild Air Force Base, Washington.* Oct 2017.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 92

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

have consumed water from smaller water systems or domestic water supply wells (the "Private Water Sub-Class").

        **b.**   **Property Damage Class:** Individuals who own real property in the Areas of Investigation serviced by the Airway Heights Water and Sanitation District, or those who have private water wells in the investigative areas ("Property Damage Class"). This class can be readily ascertained by Census data, property records, and county records.

    5.3    Plaintiffs are members of the proposed Sub-Classes they seek to represent. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

    5.4    Excluded from the Class are:

        a.    Defendants, including any entity or division in which Defendants have a controlling interest, along with their legal representative, employees, officers, directors, assigns, heirs, successors, and wholly or partly owned subsidiaries or affiliates;

        b.    The Judge to whom this case is assigned, the Judge's staff, and the Judge's immediate family;

        c.    Any class counsel or their immediate family members; and

        d.    All governmental entities.

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

5.5     Plaintiffs reserve the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded, divided into additional subclasses, or modified in any other way.

## Numerosity and Ascertainability

5.6     This action meets the numerosity requirement of Fed. R. Civ. P. 23(a)(1), given that the number of impacted individuals in the Areas of Investigation and property owners, upon information and belief, has reached the thousands, making individual joinder of class members' respective claims impracticable. While the exact number of class members is not yet known, a precise number can be ascertained from U.S. Federal Census records, the State of Washington, and the public records of the municipal entities, and through other appropriate discovery. The resolution of the claims of the class members in a single action will provide substantial benefits to all parties and the Court. It is expected that the class members will number in the tens of thousands.

5.7     Finally, Class members can be notified of the pendency of this action by Court-approved notice methods.

## Typicality

5.8     Pursuant to Federal Rules of Civil Procedure 23(a)(3), Plaintiffs' claims are typical of the claims of class members and arise from the same course

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 94

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

of conduct by Defendants. Plaintiffs' persons and real property, like all Class Members, have been damaged by Defendants' misconduct in that they have incurred damages and losses related to the introduction of PFOA, PFOS, and other PFC's into the water supplies in the Areas of Investigation, causing personal injury and property damages.

5.9    Furthermore, the factual bases of Defendants' actions and misconduct are common to all Class Members and represent a common thread of misconduct resulting in common injury to all Class Members. The relief Plaintiffs seek is typical of the relief sought for absent Class Members.

## Adequacy of Representation

5.10    Plaintiffs will serve as fair and adequate class representatives as their interests, as well as the interests of their counsel, do not conflict with the interest of other members of the class they seek to represent.

5.11    Further, Plaintiffs have retained counsel competent and well experienced in class action and environmental tort litigation.

5.12    Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so. Neither the Plaintiffs nor their counsel have interests adverse to the Class.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 95

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

## Predominance of Common Issues

5.13    There are numerous questions of law and fact common to Plaintiffs and Class Members that predominate over any question affecting only individual Class Members, making it appropriate to bring this action under Rule 23(b)(3). The answers to these common questions will advance resolution of the litigation as to all Class Members. Common legal and factual issues include:

a.    Whether Defendants engaged in the conduct alleged herein.

b.    Whether Defendants knew or should have known that exposure to PFOA and PFOS could increase health risks.

c.    Whether Manufacturing Defendants knew or should have known that their manufacture of AFFF containing PFOA and PFOS was unreasonably dangerous.

d.    Whether Manufacturing Defendants knew or should have known that their AFFF contained persistent, stable, and mobile chemicals that were likely to contaminate groundwater water supplies.

e.    Whether Manufacturing Defendants failed to sufficiently warn of the potential for harm that resulted from use of their products.

f.    Whether Defendants became aware of health and environmental harm caused by PFOA and PFOS and failed to warn users and

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 96

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

Plaintiffs and the Class of same.

g.    The extent to which Defendants knew about the PFOA and PFOS contamination in the water in the Areas of Investigation.

h.    The extent to which Defendants knew about the PFOA and PFOS contamination in the water supply systems in the Areas of Investigation.

i.    The extent to which Defendants knew about the PFOA and PFOS contamination in the water supplied to private wells of residents in the Areas of Investigation.

j.    Whether the Defendants owed a duty to the Plaintiffs and the Class to refrain from the actions that caused the contamination of the drinking water with PFOA and PFOS.

k.    Whether Defendants made unlawful and misleading representations or material omissions with respect to the health impacts of PFOA and PFOS.

l.    For the Medical Monitoring Class, whether Plaintiffs and Class Members were exposed to water containing elevated levels of PFOA and PFOS while living in Airway Heights and Medical Lake.

m.    For the Property Damage Class, whether the PFOA and PFOS contamination caused and continues to cause:

(1)    A continuous invasion of the property rights of the Plaintiffs and Class such that the property values within the Areas of Investigation have and/or continue to decline in value following the disclosure of the PFOA contamination; and

(2)    Have substantially interfered with Plaintiffs' and the Class' use and enjoyment of their property.

n.    Whether Plaintiffs and Class Members are entitled to damages and other monetary relief and other equitable relief, including but not limited to punitive damages, and if so, in what amount.

o.    Whether the members of the Classes and Subclasses have sustained damages and the proper measure of damages.

p.    Whether Manufacturing Defendants are strictly liable to Plaintiffs and the Class for their actions.

q.    Whether Defendants are liable to Plaintiffs and the Class.

## Superiority

5.14    The class action mechanism is superior to any other available means of the fair and efficient adjudication of this case. Given the great number of individuals in the Areas of Investigation impacted by Defendants' conduct, it is impracticable for Plaintiffs and the Class to individually litigate their respective claims due to the risk of inconsistent or contradictory judgments, generating

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 98

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

increased delays and expense, and wasting judicial resources. No unusual difficulties are likely to be encountered in the management of this class action. The class action mechanism presents considerably less management challenges and provides the efficiency of a single adjudication under the comprehensive oversight of a single court.

## AFFF CONTAINING PFOA AND PFOS IS FUNGIBLE AND COMMINGLED IN THE GROUNDWATER

5.15   AFFF containing PFOA and/or PFOS, once it has been released to the environment, lacks characteristics that would enable identification of the company that manufactured that particular batch of AFFF.

5.16   The process of manufacture and distribution of AFFF, including that which contains PFOA and/or PFOS, includes complex arrangements whereby Defendants sell product for delivery through the Department of Defense, the USAF, specific installations, and/or third-party logistic intermediaries throughout the country, including to Fairchild AFB.

5.17   A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

5.18   The case here at Fairchild AFB is typical: even though several areas

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 99

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

were located at the base where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine the identity of the manufacturers whose AFFF containing PFOA and PFOS contributed to the resulting groundwater contamination plume.

5.19    Because precise identification of the specific manufacture of any given AFFF that was the source of PFOA and PFOS found in a Class members' blood, a water well, or the groundwater, is impossible, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs and the Class.

5.20    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOS and PFOA, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' and the Classes' expense, to contaminate Plaintiffs' and the Classes' water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs and the Class.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

5.21    Defendants in this action are manufacturers that control a substantial share of the market for AFFF-containing PFOA and/or PFOS in the United States and are jointly responsible for the contamination of the groundwater in the

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 100

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

Communities and for causing the damages and injuries complained of in this Complaint. Market share liability attaches to all Defendants and the liability of each should be assigned according to its percentage of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured any given batch of AFFF containing PFOA and/or PFOS found free in the air, soil or groundwater, and each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

5.22 Concert of action liability attaches to all Defendants, each of which participated in a common plan to commit the torts alleged herein and each of which acted tortuously in pursuance of the common plan to knowingly manufacture and sell inherently dangerous AFFF-containing PFOA and/or PFOS.

5.23 Enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

**CONSPIRACY**

5.24 Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs and the Class.

5.25 Beginning in the 1970's and continuing through the date of this

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 101

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

Complaint, Defendants formed joint task forces and committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies, but with the true, unlawful purpose of:

   a. Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Washington and the residents who depend on such water;

   b. Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs, the Class, and the environment; and

   c. Maximizing profits in a way Defendants knew would require them to contaminate Plaintiffs' drinking water and poison their bodies.

 5.26 Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

   a. Intentionally representing to the public that AFFF-containing PFOA and/or PFOS was safe and did not pose an environmental or human health risk;

   b. Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms,

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 102

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

adverse fate and transport characteristics and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published and by downplaying any adverse findings relating to PFOA and PFOS;

c.    Concealing the dangers of AFFF-containing PFOA and/or PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

d.    Using their consideration resources to fight PFOA and PFOS regulation; and

e.    Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS was the most profitable surfactant for Defendants to use.

5.27    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

a.    Posed and continues to pose a health threat to Plaintiffs and the Class because it has bioaccumulated in their bodies;

b.    Will require testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 103

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

c.    Contaminated Plaintiffs' property, soil and groundwater, for those with private water wells;

d.    Will require remediation of PFOA and PFOS contaminated groundwater for those property owners who utilize a private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

e.    Diminished, and will continue to diminish the values of Plaintiffs and the Class' properties due to past, actual, impending or threatened contamination.

## VI.    CAUSES OF ACTION FOR CLASS ACTION AND INDIVIDUAL CLAIMS

### A.    First Cause of Action: Negligence

6.1    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

6.2    This cause of action is brought pursuant to Washington State statutory and common law, to include but not limited to Chapter 4.22 RCW.

6.3    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health.

6.4    Defendants knew or should have known that the manner in which

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 104

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

they were manufacturing, marketing, and selling AFFF, containing PFC's, was hazardous to human health, bioaccumulated in the blood, and caused serious health effects, including cancer.

6.5    Defendants also knew or should have known that PFC's are highly soluble in water, highly mobile, extremely persistent in the environment, and high likely to contaminate water supplies if released into the environment.

6.6    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFC's would result in the contamination of the municipal and private well drinking supplies of Airway Heights and Medical Lake, as a result of these communities' proximity to Fairchild AFB.

6.7    Defendants owed a duty to Plaintiffs to act reasonably and not place inherently dangerous AFFF into the marketplace when its release into the drinking water supplies was imminent and certain.

6.8    Defendants marketed and sold their products with knowledge that AFFF containing large quantities of toxic PFC's would be used in training exercises and in emergency situations at military bases, including Fairchild AFB, in such a manner that dangerous chemicals would be released into the environment.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 105

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

6.9    Further, Defendants marketed and sold their products with knowledge that AFFF containing large quantities of toxic PFC's would be stored in fire suppressant systems and tanks on USAF Bases and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

6.10    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at Fairchild AFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Airway Heights and Medical Lake, as a result of these communities' proximity to Fairchild AFB.

6.11    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding environment, groundwater, and drinking water supplies.

6.12    The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs and the Class was minimal, as the practical consequences of placing this burden on the Defendants amounted to a burden to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

6.13    As manufacturers, Defendants were in the best position to provide

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 106

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

6.14   Considering the above factors related to risk, foreseeability, social utility, burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed a cognizable duty to Plaintiffs and the Class not to contaminate their municipal and private well drinking water supplies and the surrounding environment and groundwater with AFFF, containing dangerous levels of PFC's.

6.15   Defendants had a duty to warn of the hazards associated with AFFF, containing PFC's, entering and poisoning the environment and groundwater.

6.16   Defendants, as manufacturers, marketers, and sellers of AFFF owed Plaintiffs and the Class a cognizable duty to exercise reasonable care to ensure that AFFF was manufactured, marketed, and sold in such a way as to ensure that the end users of AFFF were aware of the potential harm PFOA and PFOS can cause to human health and the environment.

6.17   Upon learning of the release of the contaminants, all Defendants owed Plaintiffs and the Class a duty to warn and notify Plaintiffs and the Class of the release of the contamination before it injured Plaintiffs and the Class and their property and/or to act reasonably to minimize the damage to Plaintiffs and their

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 107

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

property.

6.18   Defendants breached their duty by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Airway Heights and Medical Lake, and through their failure to warn and notify the end users of AFFF of the danger that PFOA and PFOS would enter into the environment and groundwater.

6.19   As such, the Defendants, negligently, grossly negligently, recklessly, willfully, wantonly, and/or intentionally breached their legal duties to the Plaintiffs and the Class, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs and the Class.

6.20   Defendants further breached the duties owed to the Plaintiffs and the Class by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

6.21   Defendants' failure to notify the Plaintiffs and the Class in a timely manner of the contamination of the municipal and private well drinking water supplies, and, consequently, the presence of PFOA and PFOS in the real properties of Plaintiffs constitutes another breach of the duties that Defendants owed Plaintiffs and the Class.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 108

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

6.22  Defendants' breaches of their duties were direct and proximate causes of Plaintiffs' and the Class' injuries, damages, and the imminent, substantial, and impending harm to their health and property.

6.23  Defendants' breaches of their duties caused the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

6.24  Further, Defendants' breach of their duty to timely notify the community and act reasonably in warning of the presence of PFOA and PFOS in AFFF, Plaintiffs and the Class were forestalled from undertaking effective and immediate remedial measures, and Plaintiffs and the Class have expended and/or will be forced to expend significant resources to test, monitor, and remediate the effects of Defendants' negligence for many years.

6.25  Plaintiffs and the Class suffered foreseeable injuries and damages as a proximate result of said Defendants' negligent breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs and the Class, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs and the Class so apparent as to entitle them to be protected against such actions or inactions.

6.26  Accordingly, Plaintiffs and the Classes seek damages from

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 109

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

Defendants, in an amount to be determined at trial, directly resulting from their injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs and the Class to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the negligence which are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

### B.    Second Cause of Action: Medical Monitoring

6.27   Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

6.28   This cause of action is brought pursuant to federal and Washington State statutory and common law.

6.29   Medical monitoring is available to Plaintiffs and Class Members who have yet to sustain a present injury as a stand-alone cause of action as the increased risk of developing the diseases and conditions discussed supra constitute an injury-in-fact and also as an element of damages associated with

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 110

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

Plaintiffs and Class Members other claims for those Plaintiffs and Class Members who have sustained a present injury.

6.30   A claim for medical monitoring requires (1) significant exposure to a proven hazardous substance through the negligent actions of defendant; (2) an increased risk of contracting a serious latent disease as a proximate result of exposure; (3) increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial. See *Durfey v. E.I. DuPont De Nemours & Co.*, 59 F.3d 121, 123 (9th Cir. 1995) citing *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 852 (3rd Cir. 1990); see also*, Krottner v. Starbucks Corp.,* 628 F.3d 1139, 1142 (9th Cir. 2010).

6.31   Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFC's would result in the contamination of the municipal and private well drinking water supplies of Airway Heights and Medical Lake, as a result of these communities' proximity to the Fairchild Air Force Base.

6.32   Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

SECOND AMENDED CLASS ACTION COMPLAINT WITH INDIVIDUAL CLAIMS AND DEMAND FOR JURY TRIAL • 2:18-cv-00117- Page 111

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

6.33   The Plaintiffs and the Classes have been exposed to PFOA, PFOS, and potentially other toxic substances that resulted from the use, storage, and discharge of AFFF at Fairchild AFB.

6.34   As described more fully above in this Complaint, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood, seriously increasing the risk of contracting numerous diseases. Medical tests currently exist that can determine the level of PFOA and PFOS in the blood.

6.35   Given that exposure to and bioaccumulation of PFOA and PFOS significantly increases the risk of contracting a serious medical condition, periodic medical examinations to detect latent diseases are both reasonable and necessary. A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for the Plaintiffs and the Classes to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to PFOA and PFOS.

## C.     Third Cause of Action:
### Products Liability – Failure to Warn

6.36   Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

6.37   This cause of action is brought pursuant to Washington State

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

statutory and common law, to include but not limited to Chapter 7.72 RCW.

6.38    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health.

6.39    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF, containing PFC's, was hazardous to human health and the environment.

6.40    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFC's would result in the contamination of the municipal and private water supply as a result of its proximity to Fairchild AFB.

6.41    Defendants had the duty to warn of the hazards associated with AFFF entering and poisoning the environment and groundwater because they knew of the dangerous, hazardous and toxic properties of the AFFF.

6.42    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the contamination of the environment, groundwater, and drinking water, with PFOA and PFOS.

6.43    Further, this contamination led to the exposure and bioaccumulation of PFOA and PFOS of the Plaintiffs and the Class and increased their risk of

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 113

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

developing numerous diseases as more fully set forth above.

6.44   Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs and the Class and their properties.

6.45   Had Defendants provided adequate warnings, Plaintiffs and the Class could have taken measures to avoid or lessen their exposure.

6.46   Had Defendants provided adequate warnings to the end users, steps could have been taken to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

6.47   Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at Fairchild AFB.

6.48   As such, Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

6.49   As a result of Defendants' conduct and the resulting contamination, the value and marketability of the property of the Plaintiffs' and Property Damage Class has been and will continue to be diminished. Plaintiffs and the Class have suffered the need for and the cost of remediation of their properties

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 114

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

and or mitigation systems for those properties, and the cost of alterative water.

6.50   As a result of the contamination, Plaintiffs and the Class have lost use and enjoyment of their properties and have suffered annoyance and discomfort, inconvenience and annoyance as a consequence of the contamination of their properties by Defendants.

6.51   As a result of Defendants' conduct and the resulting contamination, the Plaintiffs and the Classes have been injured in that their exposure to PFOS, PFOA, and potentially other toxic substances has caused them to develop illnesses associated with this exposure as more fully described and/or significantly increased their risk of developing those illnesses.

6.52   As a result of Defendants' manufacture, sale or distribution of a defective product, Defendants are strictly liable in damages to the Plaintiffs and Class Members.

6.53   Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs and Class Members.

## D.    Fourth Cause of Action:
### Products Liability – Defective Design

6.54   Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

6.55   This cause of action is brought pursuant to Washington State

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

statutory and common law, to include but not limited to Chapter 7.72 RCW.

6.56 Defendants knew or should have known that exposure to PFOA and/or PFOS was hazardous to the environment and to human health.

6.57 Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF, containing PFOA and/or PFOS, was hazardous to human health and the environment.

6.58 Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFOA and/or PFOS would result in the contamination of the municipal and private water supply as a result of its proximity to Fairchild AFB.

6.59 Knowing of the dangerous and hazardous properties of the AFFF, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

6.60 These alternative designs and/or formulations were already available, practical, and technologically feasible.

6.61 The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property caused by the Defendants' manufacture, marketing, and sale of AFFF that contained PFOA or PFOS.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 116

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

6.62   Additionally, the AFFF that was manufactured, marketed, and sold by the Defendants contained PFOA and/or PFOS chemicals that were so toxic and dangerous to human health and the environment, mobile, and persistent, that the act of designing, formulating, manufacturing, marketing, and selling this product was unreasonably dangerous under the circumstances.

6.63   Further, this contamination then led to the exposure and bioaccumulation of PFOA and PFOS to the residents in the Communities and increased their risk of numerous diseases.

6.64   The AFFF manufactured, marketed, and sold by the Defendants was defectively designed as the foreseeable risk of harm could have been reduced or eliminated by the adoption of a reasonable, alternative design that was not unreasonably dangerous.

6.65   Defendants' defective design and formulation of AFFF was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS, that came from the use and storage of AFFF at Fairchild AFB.

6.66   As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the property of the Plaintiffs' and Property Damage Class has been and will continue to be diminished. Plaintiffs and the Class Members have suffered the need for and the

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 117

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

cost of remediation of their properties and or mitigation systems for those properties, and the cost of alterative water.

6.67   As a direct result of the contamination Plaintiffs and the Plaintiff Class have lost use and enjoyment of their properties and have suffered annoyance and discomfort, inconvenience and annoyance as a consequence of the contamination of their properties by Defendants.

6.68   As a direct result of Defendants' defective design and formulation of AFFF, the resulting contamination, the Plaintiffs and the Classes have been injured in that their exposure to PFOS, PFOA, and potentially other toxic substances has caused them to develop illnesses associated with this exposure as more fully described and/or significantly increased their risk of developing those illnesses.

6.69   As a result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs and Class Members.

6.70   Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs and Class Members.

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 118

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

### E.    Fifth Cause of Action:
### Private Nuisance

6.71    Plaintiffs and the Class hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

6.72    This cause of action is brought pursuant to the laws of Washington State statutory and common law, to include but not limited to Chapter 7.48 RCW.

6.73    Plaintiffs and the Property Damage Class, as described above, are owners of real property with the right of possession.

6.74    To be actionable a nuisance "must either injure the property or unreasonably interfere with enjoyment of the property" or as otherwise specifically provided for by statute. *Tiegs v. Watts,* 135 Wash. 2d 1, 13, 954 P.2d 877, 883–84 (1998)

6.75    At all times relevant to the present cause of action, Defendants manufactured, marketed, and sold the AFFF that was used at Fairchild AFB that resulted in the contamination of the water supply relied upon by Plaintiffs and Property Damage Class at all relevant times.

6.76    At the time the above-described, affirmative, voluntary, and intentional acts were performed by Defendants, Defendants had good reason to know or expect that large quantities of PFOA and PFOS would and/or could be introduced into the properties of Plaintiffs and the Property Damage Class.

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

6.77    The above-described affirmative, voluntary, and intentional acts were performed with the reckless disregard of the potential for PFOA and PFOS to be disbursed through the water and onto the land and property of Plaintiffs and the Property Damage Class.

6.78    Defendants' negligent, reckless, willful, and/or wanton actions and/or intentional failures to act caused an unknown quantity of PFOA and PFOS to be released into the drinking water for residential areas near Fairchild Air Force Base.

6.79    The introduction of unknown quantities of PFOA and PFOS onto the property of the Plaintiffs and Property Damage Class unreasonably interfered with the use and enjoyment of their property.

6.80    The potential danger from the drinking water at their residences has caused the Plaintiffs and the Class significant and unreasonable inconvenience and expense.

6.81    This constitutes a substantial interference with the use of the properties such that it is offensive and has caused significant inconvenience or annoyance.

6.82    Accordingly, Plaintiffs and the Class seek damages from Defendants, in an amount to be determined at trial, directly resulting from their

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 120

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs and the Class to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous nuisance, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the nuisance which are the natural and proximate result of Defendants' conduct in an amount to be proved at trial.

## VII.   CLAIM FOR PUNITIVE DAMAGES

7.1    Plaintiffs and the Class hereby repeat, reallege, and reiterate each and every allegation in the preceding as if fully restated herein.

7.2    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that caused the foregoing property damage, nuisances, and injuries upon the persons and properties of Plaintiffs and the Class, disregarding their protected rights.

7.3    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure PFOA and PFOS, which they knew to be carcinogenic, was not

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 121

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

ingested by Plaintiffs and the Class.

7.4    Defendants have caused great harm to the property and water supplies of Plaintiffs and the Class and demonstrated an outrageous conscious disregard for their safety with implied malice, warranting the imposition of punitive damages.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs and the Class demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

8.1    Certification of the proposed Sub-Classes;

8.2    A declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs and members of the Class;

8.3    An order requiring that Defendants pay for a testing and monitoring protocol to test each property and its drinking water for the properties belonging to the members of the Property Damage Class;

8.4    An order establishing a medical monitoring protocol for Plaintiffs and the Class;

8.5    An award to Plaintiffs and the Class of general, compensatory,

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 122

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

exemplary, consequential, nominal, and punitive damages;

     8.6    An order for an award of attorney fees and costs, as provided by law;

     8.7    Pre-judgment and post-judgment interest as provided by law; and

     8.8    An order for all such other relief the Court deems just and proper.

## IX.    JURY DEMAND

Plaintiffs demand a trial by jury of any and all issues in this matter so triable.

DATED this 1st day of November, 2018.

**PAUKERT & TROPPMANN, PLLC**
522 West Riverside Avenue, Suite 560, Spokane, Washington 99201
Tel: 509-232-7760  Fax: 509-232-7762

*s/ Breean L. Beggs, WSBA #20795*
BREEAN L. BEGGS, WSBA #20795

*s/ Andrew Biviano, WSBA #38086*
ANDREW S. BIVIANO, WSBA #38086

*s/Mary Elizabeth Dillon, WSBA #50727*
MARY ELIZABETH DILLON, WSBA #50727

*Attorneys for Plaintiffs and Proposed Classes*

**NAPOLI SHKOLNIK PLLC**
360 Lexington Avenue, 11th Floor, New York, New York 10017
Tel: (212) 397-1000

*s/ Tate J. Kunkle, Esq.*
TATE J. KUNKLE, ESQ.
*PHV Motion Forthcoming*

*s/Patrick Lanciotti, Esq*
PATRICK LANCIOTTI, ESQ
*PHV Motion Forthcoming*

*s/ Paul J. Napoli, Esq*
PAUL J. NAPOLI, ESQ
*PHV Motion Forthcoming*

*s/ Aaron Modiano, Esq*
AARON MODIANO, ESQ
*PHV Motion Forthcoming*

*Attorneys for Plaintiffs and Proposed Classes*

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 123

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys of record:

Andrew S. Biviano        abiviano@pt-law.com; hhoffman@pt-law.com

Breean Lawrence Beggs    bbeggs@pt-law.com,

Mary Elizabeth Dillon     bdillon@pt-law.com

Patrick Lanciotti         planciotti@napolilaw.com;
                         (via email, not ECF system)

Tate J. Kunkle            TKunkle@NapoliLaw.com
                         (via email, not ECF system)

Aaron Modiano             amodiano@napolilaw.com
                         (via email, not ECF system)

Brook L Cunningham        blc@randalldanskin.com,

                         kmd@randalldanskin.com

James Milton Nelson       john.nelson@foster.com,
                         litdocket@foster.com,
                         pam-mccain--2435@ecf.pacerpro.com,
                         pam.mccain@foster.com,
                         pam.miller@foster.com

Liam J Montgomery         lmontgomery@wc.com, dzedlar@wc.com

DATED: November 1, 2018.

PAUKERT & TROPPMANN, PLLC

By:   s/Andrew S. Biviano, WSBA #38086
      Andrew S. Biviano, WSBA #38086

*Attorney for Plaintiffs*

SECOND AMENDED CLASS ACTION COMPLAINT
WITH INDIVIDUAL CLAIMS AND DEMAND FOR
JURY TRIAL • 2:18-cv-00117- Page 124

PAUKERT & TROPPMANN, PLLC
522 W. Riverside Ave., Suite 560
Spokane, WA 99202
(509) 232-7760