RECEIVED USDC
CLERK. CHARLESTON. SC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA 2019 MAR 20  PM 4: 25**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) ) ) | MDL No. 2:18-mn-2873-RMG **CASE MANAGEMENT ORDER NO. 2** **This Order Relates to All Actions.** |

## Organization of Plaintiffs' Counsel

1.  Plaintiffs' counsel have met and discussed their organizational structure and functions. At the initial case management conference held on February 25, 2019, Plaintiffs' counsel agreed to the following structure without objection. The Court has reviewed the application materials of counsel seeking to serve in leadership positions and makes the following appointments.

2.  The Court appoints the following attorneys as Plaintiffs' Co-Lead Counsel:

    Michael A. London
    Douglas & London, P.C.
    59 Maiden Lane, 6th Fl.
    New York, NY 10038

    Paul J. Napoli
    Napoli Shkolnik PLLC
    360 Lexington Ave., 11th Fl.
    New York, NY 10017

    Scott Summy
    Baron & Budd, P.C.
    3102 Oak Lawn Ave., #1100
    Dallas, TX 75219

3.  The Court appoints as Plaintiffs' Liaison Counsel:

    Fred Thompson, III
    Motley Rice, LLC
    28 Bridgeside Blvd.
    Mount Pleasant, SC 29464

4.  The Court appoints the following attorneys to the Plaintiffs' Executive Committee

    ("PEC"):

    Charles E. Schaffer
    Levin Sedran & Berman
    510 Walnut St., 5th Fl.
    Philadelphia, PA 19106

    Larry R. Cohan
    Anapol Weiss
    One Logan Square 130 N. 18th St., Suite 1600
    Philadelphia, PA 19103

    Richard S. Lewis
    Hausefeld
    1700 K St. N.W., Suite 650
    Washington, DC 20006

    Kevin Madonna
    Kennedy & Madonna, LLP
    48 Dewitt Mills Rd.
    Hurley, NY 12443

    David McDivitt
    McDivitt Law Firm, P.C.
    1401 17th St., Suite 500
    Denver, CO 80202

    Frank L. Gallucci, III
    Plevin & Gallucci
    55 Public Square, Suite 2222
    Cleveland, OH 44113

    Erin Dickerson
    Crueger Dickinson LLC
    4532 N. Oakland Ave.
    Whitefish Bay, WI 53211

William J. Jackson
Kelley Drye & Warren LLP
515 Post Oak Blvd., Suite 900
Houston, TX 77027

Richard Head
SL Environmental Law Group
201 Filbert St., Suite 401
San Francisco, CA 94105

Matt Edling
Sher Edling, LLP
100 Montgomery St., Suite 1410
San Francisco, CA 94104

Wesley Bowden
Levin, Papantonio, Thomas, Mitchell, Rafferty, Proctor P.A.
316 South Baylen St.
Pensacola, FL 32502

Nancy Christensen
Weitz & Luxenberg, P.C.
700 Broadway
New York, NY 10003

Kevin Hannon
The Hannon Law Firm, LLC
1641 Downing St.
Denver, CO 80218

T. Roe Frazer, II
Frazer PLC
1 Burton Hills Blvd., Suite 215
Nashville, TN 37215

James Ferraro
The Ferraro Law Firm
600 Brickell Ave., Suite 3800
Miami, FL 33131

Christiaan A. Marcum
Richardson, Patrick, Westbook & Brickman
1037 Chuck Dawley Blvd., Building A
PO Box 1007
Mount Pleasant, SC 29465

5.  The Court appoints the following attorney to the Advisory Counsel to the PEC:

    Robert A. Bilott
    Taft Stettinius & Hollister LLP
    425 Walnut St., Suite 1800
    Cincinnati, OH 45202

6.  All appointments to leadership, liaison and committee positions are for a period of one year. Each appointee must apply for continued service thereafter.

7.  These designations are of a personal nature. Accordingly, the Court looks to these counsel to undertake personal responsibility to perform the designated functions and, should they become unable to do so, the Court reserves the discretion to replace counsel on their request or on the Court's own motion.

8.  Plaintiffs' Liaison Counsel shall have the following responsibilities:

    a.  Act as the primary contact between the Court and plaintiffs' counsel.

    b.  Receive, on behalf of the attorneys for all plaintiffs, notice of all Court orders, notices of pretrial conferences, and other notices applicable to all plaintiffs.

    c.  Prepare and transmit copies of such notices to each of the plaintiffs' attorneys of record when service is not already effected upon them electronically under the Local Rules or this Court's other pretrial orders.

    d.  Establish and maintain a depository for orders, pleadings, hearing transcripts and all documents served upon plaintiffs' counsel, which Plaintiffs' Liaison Counsel shall make available to counsel for all plaintiffs upon reasonable request.

  e.  Maintain records of receipts and disbursements advanced by members of the PEC and received by the PEC, and report in writing to the PEC concerning disbursements and receipts.

  f.  Designate counsel to schedule depositions, set agendas and otherwise interact with defendants' counsel.

  g.  Act as the treasurer for any common benefit assessments and expenses.

  h.  Perform such other functions necessary to effectuate these responsibilities or as may be expressly authorized by further orders from the Court.

9. The Court may amend or expand the PEC and Advisory Counsel upon request from the PEC or Advisory Counsel or on the Court's own motion, if and as circumstances warrant.

10. The PEC is chaired by Plaintiffs' Co-Lead Counsel. Co-Lead Counsel are vested by the Court with the authority and duty to coordinate and oversee the responsibilities of the PEC and Advisory Counsel set forth below; to schedule meetings and keep minutes or transcripts of these meetings; to appear at periodic court noticed status conferences and hearings; to sign and file pleadings relating to all actions; to bind the PEC in scheduling depositions, setting agendas, and entering into stipulations; and in all other necessary interactions with defense counsel. Co-Lead Counsel shall perform other necessary administrative and logistical functions of the PEC and carry out any other duty as the Court may order. Co-Lead Counsel may delegate administrative functions within the members of the PEC.

11. The PEC is given the responsibility to create such committees and subcommittees as are necessary to efficiently carry out its responsibilities, to designate members

thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the PEC), as may be required for the common benefit of plaintiffs.

12. All attorneys carrying out such common benefit work who may look to any common fund or agreement for reimbursement or compensation shall maintain and submit time and expense records in accordance with guidelines to be set by the Court. The compensation for such common benefit work will be specified by the Court in a subsequent Order. All such reimbursement and compensation shall be subject to the Court's approval.

13. The PEC shall have the following responsibilities:

    a.  Discovery

          i.  Initiate, coordinate and conduct all pretrial discovery on behalf of plaintiffs in the MDL proceedings and, to the extent possible, coordinate with any AFFF product liability state court actions to avoid duplicative depositions or other inefficient discovery.

          ii.  Develop and propose to the Court schedules for the commencement, execution and completion of all discovery on behalf of all plaintiffs.

          iii.  Cause to be issued in the name of all plaintiffs the necessary discovery requests, motions and subpoenas pertaining to any witnesses and documents required to prepare properly for the pretrial of relevant issues found in the pleadings of this litigation. Similarly, requests, notices and subpoenas may be caused to be issued by the PEC upon written request by an individual attorney in order to assist him/her in

6

the preparation of the pretrial stages of his/her client's particular claims.

    iv. Conduct all discovery in a coordinated and consolidated manner on behalf, and for the benefit, of all plaintiffs.

b. <u>Hearings and Meetings</u>

    i. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or the Court.

    ii. Initiate proposals, suggestions, schedules, joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

    iii. Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

    iv. Act as spokesperson for all plaintiffs at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

c. <u>Miscellaneous</u>

    i. Submit and argue any verbal or written motions presented to the Court or Magistrate Judge on behalf of the PEC, as well as oppose, when necessary, any motions submitted by the defendants or other parties that involve matters within the sphere of the PEC's responsibilities.

    ii. Negotiate and enter into stipulations with defendants regarding this litigation. All stipulations entered into by the PEC, except for strictly

administrative details such as scheduling, must be submitted for the Court's approval and shall not be binding until the Court has ratified the stipulation.    Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation.  Failure to object within the time allowed shall be deemed a waiver and the stipulation shall automatically be binding on that party.

iii.  Explore, develop and pursue all settlement options pertaining to any claim, or portion thereof, in any case filed in this litigation.

iv.  Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all plaintiffs or their attorneys. The document depository shall include all documents produced to plaintiffs during discovery, as well as deposition transcripts of all depositions taken by plaintiffs in this litigation.

v.  Perform any task necessary and proper for the PEC to accomplish its responsibilities, as defined by the Court's orders, including organizing subcommittees comprised of plaintiffs' attorneys not on the PEC and assigning them tasks consistent with the duties of the PEC.

vi.  Provide periodic reports, on no less than a quarterly basis, to non-PEC plaintiffs' counsel regarding the status of the litigation.

8

> > vii. Perform such other functions as may be expressly authorized by further orders from the Court.

14. No pleadings or other papers shall be filed, or discovery conducted concerning liability, on behalf of all plaintiffs except as prepared on behalf of the PEC and signed by Co-Lead Counsel.

15. Plaintiffs' Co-Lead Counsel, with Plaintiffs' Liaison Counsel as the treasurer for said accounts(s), shall deposit and invest all assessments for a litigation fund in an interest bearing insured money market bank account or United States Treasury Bills, and pay reasonable litigation expenses subject to regular reviews and approval by the Court. The initial and subsequent assessments shall be determined by the PEC. All such assessments shall be subject to final accounting at an appropriate time.

16. An attorney's designation as Co-Lead Counsel, Liaison Counsel, or member of the PEC shall be contingent on that attorney's continuing commitment to the diligent prosecution of this litigation and that attorney promptly paying any assessment for the litigation fund. Further, if any designee fails to meet his/her financial obligations to the PEC for funding this litigation for more than sixty (60) days, the designee shall be removed from his/her respective appointed position without further order of the Court.

17. The Court recognizes that independent investigations may have been undertaken by various plaintiffs' counsel and defendants' counsel. Certain investigative materials gathered by individual counsel in the course of his/her independent case investigations may constitute attorney work product. All documents and investigative materials obtained prior to the date of this order will be shared only with counsel

having the same interests and subject to an agreement regarding the sharing of costs and expenses of obtaining and producing said investigative material and attorney work product. The PEC shall make a good faith effort to resolve the cost-sharing issues relevant to independent investigative materials. Any challenges to claims of work product as to investigative materials will be determined by the Court.

## **Organization of Defendants' Counsel**

18. Defendants' counsel have met and discussed their organizational structure and functions. At the initial case management conference held on February 25, 2019, Defendants' counsel agreed to the following structure without objection. The Court has reviewed the application materials of counsel seeking to serve in leadership positions and makes the following appointments.

19. The Court appoints the following attorneys as Defendants' Co-Lead Counsel:

Joseph G. Petrosinelli
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, DC 20005

Michael A. Olsen
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606

20. The Court appoints the following attorneys as Defendants' Co-Liaison Counsel:

David E. Dukes
Nelson Mullins Riley & Scarborough LLP
1320 Main St., 17th Fl.
Columbia, SC 29201

Brian C. Duffy
Duffy & Young LLC
96 Broad St.
Charleston, SC 29401

21. The Court appoints the following attorneys to the Defendants' Coordination

Committee ("DCC"):

Joseph G. Petrosinelli
Williams & Connolly LLP
725 Twelfth St., N.W.
Washington, DC 20005

Michael A. Olsen
Mayer Brown LLP
71 S. Wacker Dr.
Chicago, IL 60606

David E. Dukes
Nelson Mullins Riley & Scarborough LLP
1320 Main St., 17th Fl.
Columbia, SC 29201

Brian C. Duffy
Duffy & Young LLC
96 Broad St.
Charleston, SC 29401

Mark A. Chertok
Sive Paget & Riesel, P.C.
560 Lexington Ave., 15th Fl.
New York, NY 10022

Sarah Williams
United States Department of Justice
Civil Division, Environmental Torts Branch
175 N St., N.E.
Washington, DC 20002

22. All appointments to leadership, liaison and committee positions are for a period of

one year. Each appointee must apply for continued service thereafter.

23. These designations are of a personal nature. Accordingly, the Court looks to these

counsel to undertake personal responsibility to perform the designated functions and,

should they become unable to do so, the Court reserves the discretion to replace

counsel on their request or on the Court's own motion.

24. The DCC is chaired by Defendants' Co-Lead Counsel. Co-Lead Counsel are vested by the Court with the authority and duty to coordinate and oversee the responsibilities of the DCC set forth below; to schedule meetings and keep minutes or transcripts of these meetings; to appear at periodic court noticed status conferences and hearings; to sign and file pleadings relating to all actions; to bind the DCC in scheduling depositions, setting agendas, entering into stipulations, and in all other necessary interactions with plaintiffs' counsel. Co-Lead Counsel shall perform other necessary administrative and logistic functions of the DCC and carry out any other duty as the Court may order. Co-Lead Counsel may delegate administrative functions within the members of the DCC.

25. Defendants' Co-Liaison Counsel shall have the following responsibilities:

   a. Mr. Duffy is to act as the point of contact with the Court and plaintiffs' counsel.

   b. Receive, on behalf of the attorneys for all defendants, notice of all Court orders, notices of pretrial conferences, and other notices applicable to all defendants.

   c. Prepare and transmit copies of such notices to each of the defendants' attorneys of record when service is not already effected upon them electronically under the Local Rules or this Court's other pretrial orders.

   d. Establish and maintain a depository for orders, pleadings, hearing transcripts and all documents served upon defendants' counsel.

12

      e.  Maintain records of receipts and disbursements advanced by members of the DCC and received by the DCC, and report in writing to DCC concerning disbursements and receipts.

      f.  Designate counsel to schedule depositions, set agendas and otherwise interact with plaintiffs' counsel.

26. The Court may amend or expand the DCC upon request from the DCC or on the Court's own motion, if and as circumstances warrant. The DCC is given the responsibility to create such committees and subcommittees as are necessary to efficiently carry out its responsibilities, to designate members thereof, and to delegate common benefit work responsibilities to selected counsel (including non-members of the DCC), as may be required for the common benefit of defendants.

27. The DCC shall have the following responsibilities:

      g.  <u>Discovery</u>

            i.  Initiate, coordinate and conduct all pretrial discovery on behalf of defendants in the MDL proceedings and, to the extent possible, coordinate with any AFFF product liability state court actions to avoid duplicative depositions or other inefficient discovery.

           ii.  Develop and propose to the Court schedules for the commencement, execution and completion of all discovery on behalf of all defendants.

         iii.  Cause to be issued in the name of all defendants the necessary discovery requests, motions and subpoenas pertaining to any witnesses and documents required to prepare properly for the pretrial of relevant issues found in the pleadings of this litigation. Similarly, requests,

13

notices and subpoenas may be caused to be issued by the DCC upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular defenses or counterclaims.

    iv. Conduct all discovery in a coordinated and consolidated manner on behalf, and for the benefit, of all defendants.

h. Hearings and Meetings

    i. Call meetings of counsel for defendants for any appropriate purpose, including coordinating responses to questions of other parties or the Court.

    ii. Initiate proposals, suggestions, schedules, joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

    iii. Examine witnesses and introduce evidence at hearings on behalf of defendants.

    iv. Act as spokesperson for all defendants at pretrial proceedings and in response to any inquiries by the Court, subject of course to the right of any defendant's counsel to present non-repetitive individual or different positions.

i. Miscellaneous

    i. Submit and argue any verbal or written motions presented to the Court or Magistrate Judge on behalf of the DCC, as well as oppose when necessary any motions submitted by the plaintiffs or other parties that involve matters within the sphere of the DCC's responsibilities.

i.  Negotiate and enter into stipulations with plaintiffs regarding this litigation. All stipulations entered into by the DCC, except for strictly administrative details such as scheduling, must be submitted for the Court's approval and shall not be binding until the Court has ratified the stipulation. Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within five (5) days after he/she knows or should have reasonably become aware of the stipulation. Failure to object within the time allowed shall be deemed a waiver and the stipulation shall automatically be binding on that party.

ii.  Explore, develop and pursue all settlement options pertaining to any claim or counterclaim, or portion thereof, in any case filed in this litigation.

iii.  Maintain adequate files of all pretrial matters, including establishing and maintaining a document or exhibit depository in either real or virtual format, and having those documents available, under reasonable terms and conditions, for examination by all defendants or their attorneys. The document depository shall include all documents produced to defendants during discovery, as well as deposition transcripts of all depositions taken by defendants in this litigation.

iv.  Perform any task necessary and proper for the DCC to accomplish its responsibilities, as defined by the Court's orders, including organizing

subcommittees comprised of defendants' attorneys not on the DCC and assigning them tasks consistent with the duties of the DCC.

v. Provide periodic reports, on no less than a quarterly basis, to non-DCC defendants' counsel regarding the status of the litigation.

vi. Perform such other functions as may be expressly authorized by further orders from the Court.

28. No pleadings or other papers shall be filed, or discovery conducted concerning liability, on behalf of all defendants except as prepared on behalf of the DCC and signed by Co-Lead Counsel.

### Additional Plaintiffs' and Defendants' Committee Members

29. The Court appoints the above named attorneys to the PEC and DCC, but remains concerned regarding the lack of gender and racial diversity among the committee members. The Court is committed to developing the future generation of diverse MDL leadership by providing competent candidates with opportunities for substantive participation now. Leadership that reflects the diversity of an MDL, consolidating many claims from diverse plaintiffs across the country, is integral to plaintiffs' and defendants' effective coordination of pretrial proceedings.

30. The Court directs Co-Lead Counsel for Plaintiffs and Defendants to each submit additional proposed diverse committee members in the joint status report referenced in Paragraph 38, in advance of the April 5, 2019 status conference.[1]

---

[1] These names may be submitted directly to Chambers as an addendum to the joint status report rather than filed on ECF.

## Rights and Privileges Preserved

31. This organization of plaintiffs' and defendants' counsel for pretrial proceedings is not
    intended to constitute a waiver of any party's rights under *Lexecon, Inc. v. Milberg
    Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

32. The Court recognizes that cooperation by and among plaintiffs' counsel and by and
    among defendants' counsel is essential for the orderly and expeditious resolution of
    this litigation. The communication of information among and between plaintiffs'
    counsel and among and between defendants' counsel shall not be deemed a waiver of
    the attorney-client privilege and/or the attorney work product doctrine, if the privilege
    or doctrine is otherwise applicable, and all of said persons shall maintain the
    confidentiality of said communications. This provision does not limit the rights of
    any party or counsel to assert the attorney-client privilege or attorney work product
    doctrine. Nor does this provision expand or create a protection or privilege that the
    party does not otherwise already enjoy.

## Attorneys' Time and Expense Records

33. All counsel (plaintiffs' and defendants') shall keep contemporaneous records of their
    time spent and expenses incurred in connection with this litigation. Failure to
    maintain such records will be grounds for denying Court-awarded attorneys' fees.

34. The Court has reviewed Judge Fallon's Pretrial Order #6 in the Vioxx MDL, which
    sets guidelines for Plaintiffs' counsel's time and expense submissions. The Court is
    considering entering an order similar to Judge Fallon's Pretrial Order #6 and having
    Plaintiffs' Liaison Counsel retain a certified public accountant subject to approval by
    the Court. Plaintiffs' Liaison Counsel and Plaintiffs' Co-Lead Counsel are directed to

review Judge Fallon's Pretrial Order #6[2] and be prepared to discuss such a process at the April 5, 2019 status conference.

## Monthly Status Conferences

35. The Court will hold monthly status conferences.

36. Co-Lead Counsel, Liaison Counsel, and any counsel intending to argue a motion or actively participate in a status conference must appear in person, unless specifically authorized by the Court to participate by telephone.

37. Any counsel who wishes to attend, but not actively participate in, a status conference may appear by telephone. Plaintiffs' Co-Lead Counsel and/or Liaison Counsel shall consult with opposing counsel and the Court's Courtroom Deputy and develop call-in procedure for counsel wishing to appear by telephone.

38. Co-Lead Counsel for Plaintiffs and Defendants must confer before each status conference and submit a joint status report five (5) business days before the conference. This joint status report should be filed via ECF and include (i) a summary of the discovery conducted since the last status conference, (ii) updates on related federal cases not yet transferred to this District, (iii) updates on any related state cases, (iv) any issues that the parties wish to raise to the Court, and (v) if the parties have differing views on issues raised to the Court, their respective positions on these issues.

39. Counsel should be prepared to argue any pending motions at a monthly status conference.

---

[2] *Available at* http://www.laed.uscourts.gov/sites/default/files/vioxx/orders/vioxxpto6withA.pdf.

18

## Motions Practice

40. All motions that are currently pending in these consolidated actions or pending in an action at the time of transfer to this District, except motions to remand, are DENIED WITHOUT PREJUDICE and with leave to refile in accordance with the procedures of this Order and Case Management Order No. 1 (Dkt. No. 3).

41. If a motion to remand is pending in any of these consolidated actions or pending in an action at the time of transfer to this District, counsel shall file a "Notice of Pending Motion(s) to Remand." This Notice must include the case number(s) of the action(s) in which the motion(s) to remand is/are pending and the docket entry number for the motion(s) to remand. If an attorney has more than one pending motion to remand, he/she may file a single Notice that shall specify this information. The Notice should be filed via ECF on the MDL docket only[3] using the "Letter" event.

42. Any motion that is not signed by Co-Lead Counsel must (i) contain an affirmation by movant's counsel that, prior to filing them motion, he/she conferred with Co-Lead Counsel about the filing of the motion, and (ii) state whether Co-Lead Counsel consents to the filing of the motion. All counsel must comply with Local Civil Rule 7.02 D.S.C. when filing motions.

43. Where counsel for more than one party plan to file substantially similar motions, they shall join in the submission of such motions and shall file only one motion on behalf of all so joined.

## Status Conference on April 5, 2019

44. The next status conference in this matter will be held on **April 5, 2019 at 10 A.M.**

---

[3] *See* Case Management Order No. 1 (Dkt. No. 3) for attorney instructions on how not to spread a filing, such as the Notice, to member cases.

19

45. Plaintiffs' Co-Lead Counsel and Defendants' Co-Lead Counsel must confer and submit a joint status report five (5) business days before the status conference, as noted in Paragraph 38.

46. In addition, Plaintiffs' Co-Lead Counsel and Defendants' Co-Lead Counsel must meet and confer and submit to the Court a proposed scheduling order at least three (3) business days prior to the status conference.

### Other Matters

47. In any action that is (a) filed in or transferred to this Court after this Order is entered and (b) consolidated with this action for pretrial purposes, the Clerk need not separately file the Case Management Orders already entered in these MDL proceedings. However, the Clerk shall include a statement in the initial notice to counsel that Case Management Orders No. 1 and No. 2 govern all cases in the MDL proceedings and can be viewed on the Court's MDL website.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 20, 2019
Charleston, South Carolina